

Kaitland M. Kennelly  
T: +1 212 479 6643  
kkennelly@cooley.com

VIA CM/ECF

August 18, 2025

Honorable Paul A. Engelmayer  
United States District Judge  
Southern District of New York  
40 Foley Square  
New York, New York 10007

Re:  *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*; Case No. 25 Civ. 06319 (PAE)

Dear Judge Engelmayer:

Pursuant to your Individual Rules & Practices in Civil Cases ("Individual Rule(s)") ¶ 4.B.2, this Court's Standing Order (19-mc-00583-CM), and this Court's ECF Rules & Instructions § 6 on behalf of Defendant Natals, Inc. ("Defendant" or "Ritual"), we write to seek permission to file certain documents under seal, specifically Exhibits A, B, D and F to the Declaration of Adam Gershenson in support of Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition"), portions of the Opposition that quote from Exhibit D, and portions of the Declaration of Avia Yudalevich that quote from Exhibit D.

As an initial note, Exhibit D is a PowerPoint deck belonging to Plaintiff Lonza Greenwood LLC ("Plaintiff" or "Lonza"), which Ritual is provisionally moving to seal, along with references to Exhibit D in Ritual's Opposition and the Declaration of Avia Yudalevich, because Lonza claims that the deck contains trade secrets, Dkt. 1 ¶ 49; Van Hulle Decl. ¶ 38.

**I. Background**

On July 31, 2025, Lonza filed its Complaint against Ritual (Dkt. 1) and on the next day (August 1, 2025) filed an Application for an Order to Show Cause for a Preliminary Injunction and supporting documents (Dkts. 8–11). On August 4, 2025, the Court ordered Lonza to serve Ritual the Motion (Dkt. 1), Summons (Dkt. 7), and Preliminary Injunction papers (Dkts. 8-11), and its order (Dkt. 12) by August 6. *See* Dkt. 12 ("Order"). On that same day, Lonza served Ritual via email to its attorneys the documents described above. The Order (Dkt. 12) further outlined the briefing schedule, providing Ritual 14 days, until August 18, 2025, to respond to Lonza's Motion for Preliminary Injunction and providing Lonza seven days after Ritual files its response. *Id.*

# Cooley

Honorable Paul A. Engelmayer
August 18, 2025
Page Two

## II. Legal Standard

The Second Circuit follows a "three-part framework" for determining whether the common law right of access attaches to any particular document. *Matter of Upper Brook Cos.*, 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023). First, a court determines whether the document is a "judicial document." *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Second, if the document is a "judicial document[,] the court must determine the weight of [the common law] presumption" of public access that should attach. *Id.* (citing *Lugosch*, 435 F.3d at 119). The weight accorded the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at *4 (citation omitted). Finally, the Court balances any "competing considerations" against that presumption of access. *Id.* at *1 (citing *Lugosch*, 435 F.3d at 120).

A qualified First Amendment right to access may also attach to "certain judicial documents" that either (1) "have historically been open to the press and general public", and for which "public access plays a significant positive role in a particular process" or (2) "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 119–20.

The countervailing privacy interests—applicable to either the common law or First Amendment standard—in sealing "proprietary business information," "confidential trade secrets," and "objectives and transactions" can overcome the presumption of access because they "might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015). This Court routinely seals "highly confidential sales information, including pricing information," "information 'revealing confidential negotiations,'" "billing rates and project pricing, as well as details of specific projects completed for several clients," "marketing strategies, product development, costs and budgeting," and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions." *Upper Brook Cos.*, 2023 WL 172003, at *5 (citations omitted) (collecting cases); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'") (citation omitted).

## III. Argument

Ritual does not argue that the exhibits attached to its Opposition to Plaintiff's Motion for Preliminary Injunction are not judicial documents. Instead, Ritual argues that the privacy interests at stake, should these exhibits be disclosed to the public, outweigh the common law presumption of access. *Upper Brook Cos.*, 2023 WL 172003, at *4. Additionally, the First Amendment

# Cooley

Honorable Paul A. Engelmayer
August 18, 2025
Page Three

presumption of access does not apply to these exhibits, given that they reflect information commonly sealed from the public and are not a necessary corollary of the capacity to attend the relevant proceedings. *Kewazinga*, 2021 WL 1222122, at *6; *Lugosch*, 435 F.3d at 119. In any event, the countervailing interests outlined below constitute "higher values" that overcome such a presumption. *Lugosch*, 435 F.3d at 124.

***First***, Ritual seeks to seal Exhibit A, which is the Sales Agreement between Ritual and Lonza, effective January 1, 2024. It is a sensitive, commercial document reflecting an active business relationship between Ritual and Lonza. If the Sales Agreement were to be disclosed it would reveal detailed information about Ritual's confidential pricing strategy, product specifications, product ingredients and manufacturing plans. This information, along with information revealing Ritual's negotiation strategy, would severely undermine Ritual's competitive edge on the market. *Dodona I*, 119 F. Supp. 3d at 155.

***Second***, Ritual seeks to seal Exhibit B, which reflects details surrounding Ritual's clinical trials of different products, including ingredient lists and testing outcomes. Documents revealing "product testing" fall within the scope of sensitive business information that courts will seal. *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) ("Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access").

***Third***, Ritual seeks to redact portions of Exhibit F, which is an excerpt of a "Confidential"-marked PowerPoint slide deck that reflects Ritual's preliminary plans regarding an unannounced, new product. Ritual's request is narrowly tailored to seal only those portions of the slide deck that discusses pricing strategy and product ingredients. These two categories are quintessential "proprietary business information." *Dodona I*, 119 F. Supp. 3d at 155. Courts routinely seal exhibits that reflect "highly proprietary material" concerning "product development" plans. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011); *Playtex Prods.*, 2016 WL 1276450, at *12 ("Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access[.]").

For these reasons, Ritual requests that Your Honor issue an order granting its request to seal Exhibits A, B, D and F to o the Declaration of Adam Gershenson in support of Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, and the Declaration of Avia Yudalevich.

# Cooley

Honorable Paul A. Engelmayer
August 18, 2025
Page Four

Respectfully submitted,

Cooley LLP

/s/ *Kaitland M. Kennelly*

Kaitland M. Kennelly
(kkennelly@cooley.com)
55 Hudson Yards
New York, New York 10001-2157
Telephone: (212) 479-6000

Adam S. Gershenson (*Pro Hac Vice Pending*)
(agershenson@cooley.com)
500 Boylston Street, 14th Floor
Boston, Massachusetts 02116-3736

Teresa Michaud (*Pro Hac Vice Pending*)
(tmichaud@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560

Attorneys for Defendant NATALS, INC. d/b/a RITUAL

---

GRANTED.  The Court authorizes defendant Natals, Inc. to file, on the public record, redacted versions of Exhibits A, B, D, and F, and to file them under seal in unredacted form.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

August 20, 2025
New York, New York