**Weil, Gotshal & Manges LLP**

Adam S. Gershenson                                                VIA CM/ECF
+1 617 772 8310
adam.gershenson@weil.com

December 19, 2025

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*; Case No. 25-CV-06319 (PAE)**

Dear Judge Engelmayer,

Pursuant to your Individual Rules & Practices in Civil Cases ("Individual Rule(s)") ¶ 4.B.2, this Court's Standing Order (19-mc-00583-CM), and this Court's ECF Rules & Instructions § 6 on behalf of Defendant Natals, Inc. ("Defendant" or "Ritual"), we write to seek permission to file certain documents under seal, specifically Exhibit A to Defendant's Objection to Plaintiff's Identification of Confidential Information and Trade Secrets ("Objection").

As an initial note, Exhibit A is the Plaintiff's Identification of Confidential Information and Trade Secrets, which Ritual is provisionally moving to seal not because Ritual itself contends it is confidential but because it was provided to Ritual, pending finalization of a protective order between the parties, with the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Plaintiff's Identification was transmitted to Ritual with over 500 pages of ancillary documents. Because Lonza's identification is so large it cannot reasonably be filed through ECF, we intend to provide a physical copy to Chambers.

### I.      Background

On December 12, 2025, the Parties filed their Proposed Scheduling Order ("Order") (Dkt. 59). This Court endorsed that Order endorsed three days later (Dkt. 60). The Order provides that, by December 12, 2025, Lonza will "identif[y] its trade secrets with reasonable particularity with the right to supplement its trade secrets identification based on discovery." It also provides that Ritual has until December 19, 2025 to "provide[] any objections to Lonza's trade secret identifications." These deadlines were reiterated in the Parties' Proposed Case Management Plan, filed December 16, 2025 (Dkt. 62) and endorsed December 17, 2025 (Dkt. 63).

**Weil, Gotshal & Manges LLP**

Hon. Paul A. Engelmayer
December 19, 2025

### II.    Legal Standard

The Second Circuit follows a "three-part framework" for determining whether the common law right of access attaches to any particular document. *Matter of Upper Brook Cos.*, 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023). First, a court determines whether the document is a "judicial document." *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Second, if the document is a "judicial document[,] the court must determine the weight of [the common law] presumption" of public access that should attach. *Id.* (citing *Lugosch*, 435 F.3d at 119). The weight accorded the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at *4 (citation omitted). Finally, the Court balances any "competing considerations" against that presumption of access. *Id.* at *1 (citing *Lugosch*, 435 F.3d at 120).

A qualified First Amendment right to access may also attach to "certain judicial documents" that either (1) "have historically been open to the press and general public", and for which "public access plays a significant positive role in a particular process" or (2) "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 119– 20.

The countervailing privacy interests—applicable to either the common law or First Amendment standard—in sealing "proprietary business information," "confidential trade secrets," and "objectives and transactions" can overcome the presumption of access because they "might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015). This Court routinely seals "highly confidential sales information, including pricing information," "information 'revealing confidential negotiations,'" "billing rates and project pricing, as well as details of specific projects completed for several clients," "marketing strategies, product development, costs and budgeting," and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions." *Upper Brook Cos.*, 2023 WL 172003, at *5 (citations omitted) (collecting cases); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'") (citation omitted).

### III.    Argument

Ritual does not argue that the exhibit attached to its Objection is not a judicial document. Instead, out of respect for Lonza's designation of its identification, Ritual suggests, on Lonza's behalf, that the privacy interests at stake, should this exhibit be disclosed to the public, outweigh the common law presumption of access. *Upper Brook Cos.*, 2023 WL 172003, at *4. Additionally, the First Amendment presumption of access does not apply to these exhibits, given that they reflect information commonly sealed from the public and are not a necessary corollary of the capacity to attend the relevant proceedings. *Kewazinga*, 2021 WL 1222122, at *6; *Lugosch*, 435

**Weil, Gotshal & Manges LLP**

Hon. Paul A. Engelmayer
December 19, 2025

F.3d at 119. In any event, the countervailing interests outlined below constitute "higher values" that overcome such a presumption. *Lugosch*, 435 F.3d at 124.

The Exhibit consists of what Lonza alleges are its trade secrets and other confidential information. While Ritual disputes whether anything Lonza identifies in the Exhibit is actually trade secret information, Ritual respects Lonza's interest in preserving its secrecy pending judicial decision, and the sort of information Lonza purports to include in the Exhibit  are well within the scope of what is commonly sealed. *Upper Brook Cos.*, 2023 WL 172003, at *1; *Kewazinga*, 2021 WL 1222122, at *6. By moving to seal the Exhibit, Ritual seeks to protect any privacy interest Lonza has therein while providing the Court with the information it needs to assess whether Lonza has identified its trade secrets with the reasonable particularity required at this stage of the case.

Ritual requests that Your Honor issue an order granting its request to seal Exhibit A to Defendant's Objection to Plaintiff's Identification of Confidential Information and Trade Secrets.

Dated: December 19, 2025                    Respectfully submitted,

                                            By: /s/ *Adam S. Gershenson*

                                            Adam S. Gershenson
                                            WEIL, GOTSHAL & MANGES LLP
                                            100 Federal Street, 34th Floor
                                            Boston, MA 02110
                                            617-772-8310
                                            adam.gershenson@weil.com


                                            *Attorney for NATALS, INC. d/b/a RITUAL*


The Court has received Ritual's objection to Lonza's proposed trade secret definition. Ritual is directed to provide a copy of Exhibit A to Chambers forthwith, both physically and by email to EngelmayerNYSDChambers@nysd.uscourts.gov.  Ritual's motion to seal Exhibit A is GRANTED.  Lonza's response is due by December 30, 2025.  Ritual's reply is due January 6, 2025.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge


Dated: December 22, 2025
        New York, New York