# Brownstein

**Brownstein Hyatt Farber Schreck, LLP**
(212) 576.1211
75 Rockefeller Plaza, Suite 2600B
New York, New York 10104

December 22, 2025

Paul B. Keller
Attorney at Law
(212) 576.1213 tel
pkeller@bhfs.com

VIA CM/ECF

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE:    ***Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual***; Case No. 25 Civ. 06319 (PAE)

Dear Judge Engelmayer:

Pursuant to your Individual Rules & Practices in Civil Cases ("Individual Rule(s)") ¶ 4.B.2, this Court's Standing Order (19-mc-00583-CM), and this Court's ECF Rules & Instructions § 6 on behalf of Plaintiff Lonza Greenwood LLC ("Plaintiff" or "Lonza"), we write to seek permission to file certain documents under seal, specifically the attachments ("Attachments") to and portions of Plaintiff's Response to Defendant's Objections to the Identification of Trade Secret Information ("Opposition").

## Background

On December 16, 2025, the Parties filed their Proposed Case Management Plan ("Plan") (Dkt. 62). This Court endorsed that Plan the following day ("Order") (Dkt. 63). In accordance with the Order, on December 12, 2025, Lonza "identif[ed] its trade secrets with reasonable particularity with the right to supplement its trade secrets identification based on discovery." Subsequently, Ritual filed its Objection to Plaintiff's Identification of Confidential and Trade Secret Information ("Objection") (Dkt. 68) on December 19, 2025 as dictated by the Order. The Court Order also provides that Lonza has until December 24, 2025 to "respond[] to any objections provided by Defendant."

Lonza filed its redacted Opposition concurrently with this Motion to Seal. To counter arguments in Rituals Objection, the Opposition references, as relevant here, highly confidential trade secret information, necessitating redaction. Further, the Attachments similarly refer to and identify Lonza's trade secret information.

## Legal Standard

Although there is a presumption of a "common law right of access to judicial documents" such as the Attachments and Declaration, that presumption yields to documents constituting

"'highly confidential sales information, including pricing information,' . . . information 'revealing confidential negotiations' with a customer . . . 'details of specific projects completed for several clients,' . . . 'marketing strategies, product development, costs and budgeting' . . . and 'information regarding proprietary modeling assumptions.'" *Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023) (quoting *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015); *Hesse v. SunGard Sys. Int'l*, 12-Civ-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *GoSMiLE, Inc. v. Dr. Johnathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015)).

The qualified First Amendment right to access judicial documents likewise yields to significant privacy interests. *See id.*; *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999))).

## **Argument**

Lonza's privacy interests in the portions of the Opposition referencing highly confidential trade secret information outweigh the common law and First Amendment rights of access.

The Opposition and the Attachments contain Lonza's trade secrets and other proprietary information (including manufacturing techniques, processes for developing products, and technologies) belonging to Lonza; the details of the private business relationship between Lonza and Ritual; and information regarding the business relationship between Ritual and Competitor. If these portions of the Opposition are disclosed, Lonza's trade secrets and the competitive advantage it has over its proprietary information would be eviscerated. These documents fall squarely within the ambit of information commonly sealed. *See Upper Brook*, 2023 WL 172003, at *1; *Kewazinga Corp.*, 2021 WL 1222122, at *6.

It follows that the portions of the Opposition referencing Lonza's trade secret information —which this Court already sealed—should be sealed as well in the interest of preserving the secrecy and proprietary advantages divulged in the contents thereof. *See Order*; *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (holding that "Plaintiffs' privacy interests and the likely harm they may suffer if th[eir] highly proprietary material is revealed to their competitors outweighs the presumption of public access" and authorizing "the sealing of [] redacted statements" (internal quotation marks omitted)).

Accordingly, Lonza respectfully requests that the Court grant this Motion to File Under Seal Attachments and Portions of Lonza's Response to Defendant's Objections to the Identification of Trade Secret Information.

Respectfully submitted,

Brownstein Hyatt Farber Schreck, LLP

*/s/ Paul B. Keller*
Anne Elise Herold Li
(ali@bhfs.com)
Paul B. Keller
(pkeller@bhfs.com)
**Brownstein, Hyatt, Farber, Schreck, LLP**
75 Rockefeller Plaza,
Suite 2600B New
York, New York
10104 Telephone:
(212) 567-1211

Shannon M. Lentz
(*pro hac vice*)
(slentz@bhfs.com)
**Brownstein, Hyatt, Farber, Schreck, LLP**
600 Massachusetts Avenue N.W., Suite 400
Telephone: (202) 296-7353

*Attorneys for Plaintiff Lonza Greenwood LLC*

GRANTED.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 22, 2025
New York, New York

**www.bhfs.com**