## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LONZA GREENWOOD LLC,

Plaintiff(s),

-v-

NATALS, INC. d/b/a RITUAL,

Defendant(s).

1:25-CV-06319 (PAE)

[PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS the parties to this action (collectively, the "Parties," and individually, a "Party"), having agreed to the following terms of confidentiality, request that this Court issue a confidentiality and protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any Party to this litigation and any third party may designate as "CONFIDENTIAL" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains private or confidential personal information, (b) that contains information received in confidence from third parties, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure, including

copies, information extracted from protected material, summaries or compilations, and conversations or presentations by the Parties or their counsel that might reveal Confidential material.

2.      Any Party to this litigation and any third party may designate as "HIGHLY CONFIDENTIAL" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, or (c) that contains or describes the alleged trade secrets or information related to the alleged trade secrets; *and,* in addition to (a), (b), or (c), was received by Natals, Inc. d/b/a Ritual ("Ritual").

3.      Any Party to this litigation and any third party may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains or describes source code, (b) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, (c) that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, or (d) that contains or describes the alleged trade secrets or information related to the alleged trade secrets.

4.      Any third party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and subject to this Order any information, document, testimony, or thing, or portion thereof, that could otherwise be designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under Sections 2 and 3 of this Order.

5.      Collectively, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials are referred to herein as "Protected Material."

6.      The producing party shall affix to all documents the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL - AEO"), or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL - OAEO") to each page that contains Protected Material. If a document is produced in native form *(e.g.,* an Excel spreadsheet), the producing party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" (or their equivalents) to the production file name if it contains Protected Material.

        (a)      An inadvertent failure to designate does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon correction of a designation, the receiving party must treat the Protected Material in accordance with the provisions of this Order.

(b)	Each Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

7.	For testimony given in deposition or in other pretrial or trial proceedings, the designating party may specify, at the time of the testimony or up to 30 days afterwards, that the entire transcript or portions of the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL- OUTSIDE ATTORNEYS' EYES ONLY".

8.	The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material. When a Party's or third party's Protected Material is discussed or disclosed during deposition, the Party or third party may exclude any person not authorized under this Order to have access to the Protected Material from the deposition while the Protected Material is disclosed or discussed.

9.	Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

10.	The Protected Material disclosed will be held and used by the person receiving such information solely for use in connection with this action.  Recipients of Protected Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Protected Material for any business, commercial, or competitive purpose.

11.	A Party may challenge another Party's designation of Protected Material by providing written notice of each designation it is challenging and describing the factual and legal basis for each challenge, reciting this paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) within 2 business days of the date of service of notice. In the absence of a resolution, the challenging party may seek resolution by the Court within 7 days of the initial notice of the challenge or within 2 business days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

3

12.     Nothing in this Protective Order constitutes an admission by any Party that Protected Material disclosed in this case is relevant or admissible or is a trade secret. Each Party reserves the right to object to the use or admissibility of the Protected Material.

13.     A receiving party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to resolve this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of paragraph 24 below. A receiving party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

14.     Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

(b)     The officers, directors, consultants, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(c)     Experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d)     The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

(e)     Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), consent to which shall not be unreasonably withheld; and

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise received or possessed the document.

15. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

(b) The individuals at Ritual that had previously received the information contained within the document designated HIGHLY CONFIDENTIAL;

(c) No more than two designated in-house counsel of the receiving party, identified by the receiving party in advance, to whom disclosure is reasonably necessary for this litigation, who are not involved in competitive pricing or trading decisions for the receiving party, who are identified in this order and who sign a representation that they are not involved in competitive pricing or trading decisions for the receiving party, and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d) Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e) The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

(f) Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

(g) Lonza Greenwood LLC identifies the following persons as its designated in-house counsel: (1) Stacy Broad; and (2) Emilee Terry. Ritual identifies the following persons as its designated in-house counsel: Danielle Edwards.

16. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

(b) No more than two designated in-house counsel of the receiving party, identified by the receiving party in advance, to whom disclosure is reasonably necessary for this litigation, who are not involved in competitive pricing or trading decisions for the receiving party, who are identified in this order and who sign a representation that they

are not involved in competitive pricing or trading decisions for the receiving party, and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) ;

(c)     Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)     The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

(e)     Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(f)     The Parties identify the same persons as its designated in-house counsel as identified in paragraph 14(g).

17.     Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)     The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

(b)     Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)     The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

(d)     Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

18.     Prior to disclosing or displaying Protected Material to any person, counsel must:

(a)     Inform the person of the confidential nature of the information or documents;

(b)      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c)      If required by paragraph 13, 14, or 15 of this Protective Order, require each such person to sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).

19.     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" information or items to experts:

(a)      The  Parties assume that experts will need to rely on Protected Material. Unless otherwise ordered by the court or agreed to in writing by the designating party, a Party that seeks to disclose to an expert any Protected Material first must provide a written notice to the designating party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, including a list of publications from the past ten years, (3) identifies the expert's current employer(s), (4) identifies by name, case number, filing date, and court location any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years, and (5) any entities with which the Expert is associated as an employee, officer, Board member, or independent consultant (or if a nondisclosure agreement or protective order precludes identifying such an entity, a description of such entity in as much detail as is permitted); and (6) the "Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the Expert.

(b)      A Party that makes written notice and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified expert unless, within 5 days of delivering the notice, the Party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter within 2 business days of the written objection. If no agreement is reached, the Party objecting to the disclosure to the expert may file a motion within 5 business days of the final meet and confer.  The motion must describe the circumstances, set forth in detail the reasons why it is objecting to disclosure, assess the risk of harm that the disclosure would entail, and suggest any additional means that could reduce that risk. Any such motion must be accompanied by a declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm of disclosure outweighs the receiving party's need to disclose the Protected Material to its proposed expert.  If no motion is filed within 5 business days, the Party

7

can disclose the Protected Material to the proposed expert and the objection will be considered resolved.

20.    Absent written consent from the producing party or an order by the Court, any person, other than a non-objected to expert who has satisfied the requirements of Section 17 above, who receives information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY by the producing party shall not be involved in performing, the following tasks: drafting, prosecuting, or providing advice regarding the drafting or prosecution, of any patent applications relating to the formulations, manufacturing process, or quality control testing of the products at issue in this litigation, or any continuations, continuations-in-part, divisionals or otherwise claiming priority thereto or to a common parent patent application, before any foreign or domestic agency, including the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this litigation, during this litigation, or within two (2) years after the final termination of this litigation. For purposes of clarity of this paragraph, "involved" in the "drafting, prosecuting, or providing advice regarding the drafting or prosecution, of any patent applications" shall mean directly or indirectly drafting, amending, or providing direction, input, or advising others on drafting or amending patent claims. "[D]rafting, prosecuting, or providing advice regarding the drafting or prosecution, of any patent applications" as used herein and the prosecution bar in this paragraph shall not include reexamination, reissue, interference proceedings, or equivalent proceedings (e.g., post-grant review, *inter partes* review) and any similar proceedings in any other country, except that patent owner's or patent assignee's counsel subject to the restrictions of this paragraph shall not perform, draft, or provide advice (verbally or in tangible form, in whole or in part) regarding new or amended claims in any such reexamination, reissue, interference proceedings, or equivalent proceedings (e.g., post-grant review, *inter partes* review). This prosecution bar shall begin when access to Protected Material is first received by the affected individual, or in the case of outside counsel of record first received and reviewed, and shall end two (2) years after final termination of this litigation.

21.    The disclosure of a document or information without designating it as Protected Material shall not constitute a waiver of the right to designate such document or information as Protected Material. If so designated, the document or information shall thenceforth be treated as Protected Material subject to all the terms of this Order.  The disclosure of a document or information prior to the entry of this Protective Order can be designated as Protected Material subject to the terms herein.  The Parties shall treat the Protected Material as they are so-designated, and will be treated as Protected Material subject to the terms of this Order.

22.    Should any Protected Material be disclosed by a receiving party to any person not otherwise authorized to have access to such information under paragraphs 13, 14, or 15 of this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return or destruction of any such material and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order; (c) identify such person and the material disclosed to the producing party; and (d) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall

8

be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

23.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

24.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25.    If a producing party inadvertently or mistakenly produces information, documents, or tangible items that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or on any other grounds, such production shall not prejudice such claim or otherwise constitute a waiver of any claims of attorney-client privilege, work product immunity, or otherwise for such information, provided that the producing party makes a good-faith representation in writing within five (5) business days upon discovery of the inadvertent disclosure that such protection was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within four (4) days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party or certify the destruction of any documents or tangible items that the producing party requests were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the Party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

26.    No information that is in the public domain or which is or becomes available to a Party from a source who is not working with a Party to the litigation and other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Protected Material under this Order.

27.    The Parties shall follow the Court's procedures with respect to filing under seal. Consistent with the Court's procedures with respect to filing under seal, neither Party is permitted to file material designated by another Party as Protected Material publicly without the other Party's consent unless the designation of such Protected Material is successfully challenged under the terms of this Order or otherwise ordered by the Court.

28.    At the conclusion of litigation, Protected Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files, including email, on the condition that those files will remain protected.

29.    Nothing herein shall preclude the Parties from disclosing Protected Material if otherwise required by law or pursuant to a valid subpoena, provided that a Party served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must: (a) promptly notify in writing the designating party, including a copy of the subpoena or court order; (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this protective order, which notification shall include a copy of this protective order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected. If the designating party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the patty has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

30.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED

Dated:

New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

10