# Bro//nstein

**Brownstein Hyatt Farber Schreck, LLP**
(212) 576.1211
75 Rockefeller Plaza, Suite 2600B
New York, New York  10019

January 26, 2026

VIA CM/ECF

Paul B. Keller
Attorney at Law
(212) 576.1213 tel
pkeller@bhfs.com

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE:    *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*; Case No. 25 Civ. 06319 (PAE)

Dear Judge Engelmayer:

Pursuant to your Individual Rules & Practices in Civil Cases ("Individual Rule(s)") ¶ 4.B.2, this Court's Standing Order (19-mc-00583-CM), and this Court's ECF Rules & Instructions § 6 on behalf of Plaintiff Lonza Greenwood LLC ("Plaintiff" or "Lonza"), we write to seek permission to file certain documents under seal, specifically portions of the Motion to Amend Its Complaint To Join a Necessary Party Pursuant to FED. R. CIV. P. 19(a)(1)(A) ("Motion to Amend") and accompanying Attachments.

### Background

On December 1, 2025, the Court held a hearing to for Preliminary Injunction at which Lonza was first notified of the existence of third party USPL Nutritionals, LLC ("USPL") as "Competitor." Following the PI Hearing, from the bench, the Court denied the PI, but ordered expedited discovery. On December 16, 2025, the Parties filed their Proposed Case Management Plan ("Plan") (Dkt. 62). This Court endorsed that Plan the following day ("Order") (Dkt. 63). With knowledge of the fast-approaching January 19, 2026 deadline to amend the complaint or add a party as dictated in the Plan, Lonza promptly served a subpoena on USPL on December 18, 2025 requesting documents relating to its relationship with Ritual, overlapping product formulations, and communications between Ritual and USPL. Lonza received the production from USPL in the evening of January 19, 2026 – the same day as the deadline for the motion to amend.  Lonza expeditiously reviewed USPL's production and is in the process of reviewing Ritual's production of January 22, 2026 of over 600,000 pages.

Lonza filed its redacted Motion to Join USPL concurrently with this Motion to Seal. The Motion to Join contains highly sensitive proprietary, technical, trade secret, and competitively significant business information belonging to Lonza, as well as confidential information produced by Defendant Ritual and USPL pursuant to the protective order in this case. Public disclosure of these materials would cause concrete competitive harm to Lonza and others in the marketplace,

and none of the information sought to be sealed is necessary for public understanding of the judicial process.

## Legal Standard

Although there is a presumption of a "common law right of access to judicial documents" such as the Attachments and Declaration, that presumption yields to documents constituting "'highly confidential sales information, including pricing information,' . . . information 'revealing confidential negotiations' with a customer . . . 'details of specific projects completed for several clients,' . . . 'marketing strategies, product development, costs and budgeting' . . . and 'information regarding proprietary modeling assumptions.'" *Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023) (quoting *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015); *Hesse v. SunGard Sys. Int'l*, 12-Civ-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *GoSMiLE, Inc. v. Dr. Johnathan Levine*, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015)).

The qualified First Amendment right to access judicial documents likewise yields to significant privacy interests. *See id.*; *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)).

## Argument

Lonza's privacy interests in the portions of the Motion to Amend referencing highly confidential trade secret information outweigh the common law and First Amendment rights of access. Also, the Motion to Join references information that USPL produced under the Outside Attorney's Eyes Only provision of the protective order (Dkt. 80) in this case.

## Documents Contain Non-Public Trade Secrets and Confidential Technical and Commercial Information

The Motion to Join and the Attachments contain: (i) proprietary technical specifications, formulations, stability parameters, and manufacturing processes developed by Lonza through years of research; (ii) confidential contractual terms, supply-chain details, and manufacturing capacities relevant to Lonza's exclusive manufacturing rights and USPL's manufacturing rights; (iii) non-public communications revealing product designs, formulation strategies, raw-material requirements, and encapsulation methodologies used in Lonza's manufacturing facilities; and (iv) confidential business communications and agreements exchanged between Ritual and USPL, produced under subpoena and designated outside attorneys' eyes only. Disclosure would enable potential competitors to discern Lonza's proprietary processes, strategic business relationships, and formulation methods, causing substantial competitive injury – the very injury for which Lonza seeks redress in this Motion to Join. These documents fall squarely within the ambit of information commonly sealed. *See Upper Brook*, 2023 WL 172003, at *1; *Kewazinga Corp.*, 2021 WL 1222122, at *6.

It follows that the portions of the Motion to Join referencing Lonza's trade secret information —which this Court already sealed—should be sealed as well in the interest of preserving the secrecy and proprietary advantages divulged in the contents thereof. *See Order*; *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at \*12 (S.D.N.Y. Mar. 29, 2016) (holding that "Plaintiffs' privacy interests and the likely harm they may suffer if th[eir] highly proprietary material is revealed to their competitors outweighs the presumption of public access" and authorizing "the sealing of [] redacted statements" (internal quotation marks omitted)).

Although motions to join are judicial documents, the presumption of access is comparatively modest because the information the public needs to understand the judicial process is not compromised by sealing narrowly tailored technical data. The core legal and factual issues remain publicly available. By contrast, disclosure of proprietary formulations, proprietary encapsulation methods, raw-material strategies, and internal commercial practices would cause direct competitive harm—precisely the type of countervailing interest courts recognize as sufficient to overcome the presumption of access.

Accordingly, Lonza respectfully requests that the Court grant this Motion to File Under Seal Attachments and Portions of Lonza's Motion to Amend Its Complaint To Join a Necessary Party Pursuant to FED. R. CIV. P. 19(a)(1)(A).

Respectfully submitted,

Brownstein Hyatt Farber Schreck, LLP

*/s/ Anne Elise Herold Li*
Anne Elise Herold Li
(ali@bhfs.com)
Paul B. Keller
(pkeller@bhfs.com)
**Brownstein, Hyatt, Farber, Schreck, LLP**
75 Rockefeller Plaza,
Suite 2600B
New York, New York 10019
Tel: (212) 567-1211

Shannon M. Lentz
(*pro hac vice*)
(slentz@bhfs.com)
**Brownstein, Hyatt, Farber, Schreck, LLP**
600 Massachusetts Avenue N.W., Suite 400
Telephone: (202) 296-7353

*Attorneys for Plaintiff Lonza Greenwood LLC*

GRANTED.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

January 30, 2026
New York, New York