UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LONZA GREENWOOD LLC,

|                                     Plaintiff,

            -v-

NATALS, INC.,

                                     Defendant.

---

25 Civ. 6319 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

This order resolves two discovery disputes in this trade-secret case. The Court assumes familiarity with the case's background, some of which is set out in the Court's decision last week sustaining the trade-secret identification, Dkt. 68-1 ("Identification"), supplied by plaintiff Lonza Greenwood LLC ("Lonza") to defendant Natals, Inc. d/b/a Ritual ("Ritual"). Dkt. 106.

In brief, Ritual moves (1) for leave to disclose Lonza's Identification and associated materials to Ritual's witnesses, and (2) to limit to five the total number of depositions that Lonza may take of Ritual's witnesses. Dkt. 82. Lonza opposes both applications. Dkt. 91.

***Disclosures by Ritual of Lonza's Identification***: The Court denies Ritual's motion for leave to disclose Lonza's Identification and associated materials, because it is, improperly, made on an across-the-board basis. Given the nature of this case, there are likely sound justifications for Ritual to disclose certain of this information to particular employees or other witnesses, including to guide Ritual's counsel and assist in deposition preparation. But that determination cannot be made globally. It must be made on an individualized basis, by witness. And the determination whether disclosure to a particular witness is justified may turn on the particular information that Ritual proposes to disclose to that witness. The Court can envision valid

1

concerns by Lonza as to such disclosures, although these, too, cannot be properly assessed globally. Ritual's application for categorical leave to share with its witnesses what it indistinctly refers to as all "categories" of trade secrets identified by Lonza is unacceptably overbroad. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 148 (2d Cir. 1987) (requiring district court to evaluate decision to lift bar to disclosure on materials "on an indivualized basis"); *Fournier v. McCann Erickson,* 00 Civ. 8636, 242 F.Supp.2d 318, 342 (S.D.N.Y. 2003) (requiring consideration of "each document" prior to unsealing documents covered by protective order); *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 75 (E.D.N.Y. 2012) (same). And Ritual does not indicate that it has met and conferred with Lonza other than on its bid to globally share Lonza's Identification with its witnesses.

The Court expects counsel to confer on these points, with the required specificity, in good faith, and with an eye towards reaching agreement and avoiding discovery-dispute litigation. In this endeavor, the Protective Order that the Court entered at the parties' request on January 7, 2026 supplies the framework for these tailored discussions. *See* Dkt. 80 ("Protective Order"). It covers "certain nonpublic and confidential material" exchanged during the course of litigation. *Id.* at 1. It keys Ritual's ability to share "information and items" with its party witnesses to the designations Lonza made as to particular documents. *See, e.g., id.* ¶¶ 14(b) (permitting access to any information or item designated "CONFIDENTIAL" to "officers, directors, consultants, and employees . . . of the receiving party to whom disclosure is reasonably necessary for this litigation"); *id.* 14(g) (permitting access to any information or item designated "CONFIDENTIAL" to "[t]he author or recipient of a document containing the information or a custodian or other person who otherwise received or possessed the document."); *id.* 15(b) (permitting access to any information or item designated "HIGHLY CONFIDENTIAL" to "[t]he

individuals at Ritual that had previously received the information contained within the document"). And where Ritual contends that Lonza has over-classified document(s), including those underlying the Identification, and where conferrals between counsel have not resolved such disputes, Ritual may object to these designation(s) under the Protective Order.[1]

There is no basis to disturb the Protective Order as the means to guide resolution of these issues, and Ritual has not asked the Court to do so. It was entered into by the parties with full knowledge that confidential information would be exchanged. "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir.1979)); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (noting "strong presumption against the modification of a protective order"); *Bayer AG & Miles, Inc. v. Barr Lab'ys, Inc.,* 162 F.R.D. 456, 459–61 (S.D.N.Y. 1995) (denying modification of a protective order to permit in-house counsel in trade secrets case to join deposition or review documents used in deposition because hiring such counsel was reasonably foreseeable when the stipulated Protective Order was negotiated); *Arcesium LLC v. Advent Software, Inc.*, No. 20 Civ. 4389, 2022 WL 621973, at *2 (S.D.N.Y. Mar. 3, 2022) (denying motion to clarify or modify protective order to permit new trade secrets suit based on materials produced in discovery).

---

[1] Ritual states that Lonza has reflexively designated all original documents underlying its Identification as "attorneys' eyes only." Dkt. 82 at 2. If true, such a global designation by Lonza would itself be clearly improper for much the same reasons as Ritual's reciprocal application for global disclosure here is improper. In a case in which the trade-secret claims arise from business collaboration between the parties, there are obvious scenarios in which sensitive documents at issue are properly shared with Ritual personnel. If Lonza has globally so designated these documents as "attorneys-eyes only," it is to revisit and revise that determination *forthwith.*

3

The Court's denial of Ritual's motion is without prejudice to its right to object on a more specific basis to Lonza's designations as to particular materials. But Ritual's application here for access by its party witnesses to Lonza's Identification on a categorical basis is patently deficient. This blanket bid is inconsistent with the recognition in the case law that commercially sensitive materials in trade secret cases merit protection, albeit with the level of protection keyed to the particular circumstances. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421–22 (E.D.N.Y. 2007), *judgment entered sub nom. In re Zyprexa Litig.*, 2007 WL 669797 (E.D.N.Y. Mar. 1, 2007), and *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010) (revelation of trade secrets "ha[d] the potential to impinge on the company's privacy and property rights and inflict commercial harm").

***Number of depositions***: Ritual asks the Court to limit Lonza to five depositions. Under Federal Rule of Civil Procedure 30(a)(2)(A), each party is presumptively authorized to take 10 depositions. *See Presse v. Morel*, No. 10 CIV. 2730, 2011 WL 5129716, at *1 n.1 (S.D.N.Y. Oct. 28, 2011) (although a court can alter the number of "presumptively permitted" depositions, the Southern District "has not opted out of the ten-deposition rule"); *In re Actos Antitrust Litig.*, 639 F. Supp. 3d 453, 455 (S.D.N.Y. 2022) (10 depositions "permitted as of right"); *Hertz Corp. v. Accenture LLP*, No. 11 Civ. 3508, 2020 WL 1150053, at *1 (S.D.N.Y. Mar. 9, 2020) (same); *cf. Galgano v. Cnty. of Putnam*, No. 16 Civ. 3572, 2021 WL 2138759, at *1 (S.D.N.Y. May 26, 2021) (denying leave to take 30 depositions). Here, Lonza represents, and Ritual does not dispute, that each side has noticed nine depositions, within the Rule's authorization. Dkt. 82 at 3; Dkt. 91 at 1. There is no basis to impose a lower cap here. *See, e.g., Al-Jundi v. Est. of Rockefeller*, 1987 WL 8948, at *2 (W.D.N.Y. Apr. 3, 1987) (declining to "arbitrarily limit the number of depositions each side may conduct"); *cf. Raniola v. Bratton*, 243 F.3d 610, 628 (2d

Cir. 2001) (inviting district court to reconsider on remand three-deposition limit imposed on plaintiff).  The Court denies Ritual's request to limit Lonza to five depositions.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 17, 2026
       New York, New York