UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONZA GREENWOOD LLC,

                                          Plaintiff,

                    -v-

NATALS, INC.,

                                          Defendant.

25 Civ. 6319 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

This order resolves a discovery dispute.  Plaintiff Lonza Greenwood LLC ("Lonza")

moves to compel defendant Natals, Inc. d/b/a Ritual ("Ritual") to produce responsive messages

from Slack, a web-based communication platform.  Lonza contends that Ritual has not produced

any materials from Slack, and that these messages are relevant to its claims.  Dkt. 96 at 1.  Ritual

counters that Lonza's request is largely moot, because it has begun producing materials from a

single Slack channel ("#lonza_governance") that it characterizes as closest to potentially

relevant, and that Lonza's request is otherwise irrelevant and overly broad.[1]  Dkt. 98 at 1–2.

Lonza has replied by supplementing its motion, stating that it seeks to compel production of all

"Slack direct messages and channel communications responsive to Lonza's document requests."

Dkt. 105 at 3.

---

[1] Ritual separately opposes Lonza's motion on the ground that Lonza failed to meet-and-confer
prior to its filing.  Dkt. 98 at 1–2.  Lonza concedes failing to do so.  Dkt. 96 at 2.  Although the
Court denies Lonza relief on the merits, Lonza's disregard of this procedural requirement alone
would have required denying it relief.  The Court's Individual Rules provide that "[a]ny party
wishing to raise a discovery dispute with the Court must *first* confer in good faith with the
opposing party, in person or by telephone, in an effort to resolve the dispute."  *See* Judge Paul A.
Engelmayer's Individual Rules and Practices in Civil Cases, Rule 2(E),
https://nysd.uscourts.gov/hon-paul-engelmayer (Feb. 2026) (emphasis added).

1

For the reasons set forth below, the Court denies Lonza's request to the extent it seeks materials beyond that which Ritual has produced and is in the process of producing.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The party seeking discovery bears the burden of demonstrating its relevance. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Once relevance has been shown, it is up to the responding party to justify limiting discovery—based, for instance, on undue burden. *See id.* at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense."). District courts are vested with "wide discretion in [the] handling of pre-trial discovery." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).

The Court here holds with Ritual. To the extent Lonza's request seeks communications on Slack channels other than the one whose communications Ritual has committed to produce, Ritual is not obliged to broadly search Slack direct messages and channels for "all Lonza-related Slack discussions." Dkt. 105 at 2.

2

First, Lonza has not established that this broad request is apt to yield relevant material. Lonza demands that Ritual "[p]roduce all responsive Slack messages, including exported Slack channel content and Slack direct messages," but it does not supply any justification for its claim of relevance beyond stating that "Slack is one of Ritual's internal communication platforms." Dkt. 96 at 1–2. That certain Ritual employees generally used Slack to communicate does not support that all such channels were used for communications relevant to the breach of contract, unjust enrichment, and trade secrets claims that Lonza brings. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 4 Civ. 5316, 2006 WL 2109472, at *3 (S.D.N.Y. July 20, 2006) ("A plaintiff's curiosity is not tantamount to a showing of relevance."); *Guastella v. United States*, No. 6 Civ. 2924, 2009 WL 1286382, at *16 n.89 (S.D.N.Y. May 8, 2009) (finding "[g]eneralized statements" about the possible existence of discovery material insufficient to demonstrate relevance (internal quotation marks omitted)); *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011) (finding relevancy turns on a "document's content" not necessarily the custodian). And Ritual, for its part, has represented in good faith that it has not found other channels denominated so as to suggest the existence of such communications, including any reference the other key entity in this case, USPL. Dkt. 98 at 2.

Second, Lonza's request is not "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). It indiscriminately spans all custodians and all channels—without anchoring any of these to this controversy. Dkt. 96 at 2; Dkt. 105 at 2–3. Ritual has committed to produce communications from the channel "#lonza_governance." Dkt. 98 at 2. Lonza does not offer any basis to disbelieve Ritual's representation that it has not identified any other channel relevant to the claims here. *Id.* Its unsolicited reply letter notably does not fortify that showing beyond

noting the unremarkable fact Ritual employees used Slack to communicate via direct messages. Dkt. 105 at 2.[2] Lonza tellingly does not claim (let alone support) that any witness or other evidence has identified Slack as the forum in which Ritual's relevant business decisions (including to terminate the exclusivity agreement between it and Lonza) or technological improvements (including Lonza's modifications to its capsule-producing processes in light of Ritual's feedback) were made. Nor does Lonza contend that individual employees, when using Slack, did so to displace customary modes of internal business communications, such as emails. Lonza's broad request is unjustified by the needs of the case. *See also O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (denying request for documents for period irrelevant to dispute because it was not "'reasonably calculated to lead to the discovery of admissible evidence' " and was "'thus overbroad'") (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)); *JoySuds, LLC v. N. V. Labs, Inc.*, No. 22 Civ. 3781, 2024 WL 1929171, at *1 (S.D.N.Y. May 1, 2024) (denying motion to compel where document request was "overbroad," "not proportional to the needs of the case," and where "[p]laintiff has not proffered, let alone shown, relevance of these documents").

Finally, Ritual has credibly described the burden that fulfilling Lonza's request would impose. Dkt. 98 at 2. Lonza's request, it states, would require "significant collection, processing, attorney review, and confidential screening of large volumes of internal communications." *Id.* Although it disputes that communications on the #lonza_governance channel will prove consequential, Ritual states that it agreed to produce these to "eliminate

---

[2] Citing the testimony of Ritual's chief scientific officer, Lonza states that he used Slack "direct messages" for "work-related communications" and posits that "Ritual personnel discuss Lonza and USPL related topics on Slack." Dkt. 105 at 2. The record supplied to the Court does not, however, support that any discussions of "Lonza and USPL" occurred *outside* of the #lonza_governance channel.

needless motion practice and conserve the Court's resources." *Id.* Ritual has rightly weighed the likely benefit of the requested discovery against its anticipated burden. *See Fed. Hous. Fin. Agency v. UBS Americas Inc.*, No. 11 Civ. 5201, 2013 WL 3284118, at *12 (S.D.N.Y. June 28, 2013); *Lutes v. Kawasaki Motors Corp., USA*, No. 10 Civ. 1549, 2014 WL 7185469, at *11 (D. Conn. Dec. 16, 2014) (denying discovery request that implicates "a large swath of documents"); *Burns v. City of New York*, No. 25 Civ. 1999, 2025 WL 3456671, at *1 (S.D.N.Y. Dec. 2, 2025) (same).

Accordingly, the Court denies Lonza's request to compel Ritual to produce Slack materials, beyond those it has committed to produce.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: February 17, 2026
       New York, New York

5