William O. Reckler
Direct Dial: +1.212.906.1803
william.reckler@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 11, 2026

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

RE: ***Lonza Greenwood LLC v. Natals, Inc. et al.*, Case No. 1:25-CV-06319 (PAE)**

Dear Judge Engelmayer:

Pursuant to Local Civil Rule 37.2 and this Court's Individual Rule 2.E, Defendant USPL Nutritionals LLC ("USPL") respectfully requests that the Court stay both fact and expert discovery with respect to USPL pending a decision on USPL's anticipated motion to dismiss Plaintiff Lonza Greenwood LLC ("Lonza")'s Amended Complaint pursuant to Rule 12(b) (the "Motion"). Good cause exists to stay discovery because: (i) USPL's forthcoming Motion will raise, among other issues, threshold questions as to personal jurisdiction that, if resolved in USPL's favor, would obviate the need for discovery against or by USPL; (ii) in the event that any of the claims proceed beyond the pleading stage against USPL, USPL intends to bring counterclaims against Lonza related to transactions that are otherwise not at issue, mandating additional discovery; and (iii) no prejudice would result from a brief stay.

Lonza has said that it opposes USPL's request for a stay; Defendant Natals, Inc. d/b/a Ritual ("Ritual") consents.

## A.    Background

USPL is a custom developer, manufacturer, and supplier of premium dietary supplement ingredients, premixes, and products. (ECF No. 117 at 4.) USPL is incorporated and headquartered in New Jersey. (*Id.* at 3.)

Lonza initiated this action on July 31, 2025, against Ritual, alleging that Ritual breached an exclusivity agreement and misappropriated Lonza's confidential trade secrets by providing such information to an unnamed "Competitor," now alleged to be USPL. (ECF No. 1.) On January 27, 2026, Lonza moved to amend its complaint to join USPL as a defendant, arguing that USPL was a necessary party under Rule 19(a)(1)(A). (ECF Nos. 86, 87.) On March 4, 2026, the Court granted Lonza's motion under Rules 15 and 16. (ECF No. 116.) The Court expressly declined to find that USPL was a necessary party. (*Id.* at 16.)

On March 5, 2026, Lonza filed its Amended Complaint, adding USPL as a defendant and asserting eleven causes of action. (ECF No. 117.) It asserts six claims against USPL: (i) violation of the Defend Trade Secrets Act; (ii) unjust enrichment; (iii) tortious interference with contract; (iv) New York common law misappropriation of confidential information; (v) New York common

**LATHAM&WATKINS**LLP

law unfair competition; and (vi) aiding and abetting/civil conspiracy. (ECF No. 117 at 21–27.) Lonza did not properly serve USPL until yesterday, March 10, 2026. (ECF No. 123.)

### B.    The Court Should Stay Discovery Pending Resolution of USPL's Motions

Courts have broad "discretion to stay discovery 'for good cause.'" *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (quoting Fed. R. Civ. P. 26(c)). In determining whether to stay discovery pending resolution of a motion to dismiss, courts consider three factors: (i) "the strength of the motion"; (ii) the "breadth of discovery sought"; and (iii) "any prejudice that would result." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); *see also Spinelli v. NFL*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). All three factors weigh in favor of granting a stay with respect to USPL.

#### 1.    Strength of USPL's Motion

USPL's forthcoming Motion will raise the Court's lack of personal jurisdiction over USPL. To determine whether the strength of the Motion weighs in favor of staying discovery, the Court need "not predict the outcome of Defendant's motion," but instead, upon an "initial review," may determine if it "is potentially dispositive, and appears to be not unfounded in the law." *Boelter*, 2016 WL 361554, at *5.

Courts often stay discovery pending resolution of a motion to dismiss for lack of personal jurisdiction because they "raise threshold issues about where this case will be litigated." *Sigma Lithium Corp. v. Gardner*, 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024); *see also Gastineau v. ESPN Inc.*, 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025) (Engelmayer, J.) (staying discovery where defendants "made a strong initial showing" that the complaint "does not adequately allege personal jurisdiction"); *Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020); *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).

USPL's arguments for lack of personal jurisdiction are more than colorable and warrant dismissal. *First*, there is no general jurisdiction over USPL. USPL is not headquartered or incorporated in New York, and the Amended Complaint does not even allege that it maintains a substantial presence here (because it does not). (*See generally* ECF No. 117); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (general jurisdiction requires corporation to be "at home" in the forum state).

*Second*, there is no basis for specific jurisdiction. The Amended Complaint does not remotely suggest USPL maintained any suit-related minimum contacts with New York. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359–62 (2021). Indeed, it does not allege *any* contacts by *any* Party with New York at all. (*See generally* ECF No. 117.) The only reason Lonza filed suit in this Court is because of a forum-selection clause in its contract with Ritual, to which USPL is not a party.

*Finally*, contrary to Lonza's suggestion, no personal jurisdiction exists pursuant to Rule 4(k)(1)(B) because USPL was not added as a party under Rule 19. *See Chang Young Bak v. Metro-*

**LATHAM&WATKINS**LLP

*N. R. Co.*, 2013 WL 1248581, at \*3–4 (S.D.N.Y. Mar. 26, 2013) (rejecting plaintiff's argument under the "bulge rule" because defendant was not a necessary party under Rule 19).[1]

### 2.    Broad and Uncertain Scope of Discovery

While USPL, as a third party, already produced a significant number of documents and produced a Rule 30(b)(6) witness for deposition, the breadth of discovery that will ensue in light of the eleven claims asserted by Lonza—not to mention USPL's potential counterclaims— supports a stay.

Lonza will undoubtedly seek additional document discovery and depositions from USPL (which USPL will oppose). And USPL will not only need to review all discovery taken to-date, but also seek additional documents related to the claims specifically asserted against USPL, as well as depositions of witnesses with relevant information about those claims (whether previously deposed or not). Proceeding with that discovery where there is a lack of personal jurisdiction over USPL would be unnecessary and would impose an undue business burden on USPL. *See Amron v. 3M Minnesota Mining & Mfg. Co.*, 2024 WL 263010, at \*3 (E.D.N.Y. Jan. 24, 2024).

The scope of discovery is also uncertain, which counsels in favor of a stay. As noted above, should any claim survive USPL's Motion, USPL intends to assert counterclaims against Lonza on transactions otherwise not at issue. Those counterclaims will require additional discovery, which, in the absence of a stay, will necessarily occur following the Court's decision on the Motion. Conducting discovery in this piecemeal fashion is highly inefficient and burdensome to all parties.

### 3.    No Prejudice

A brief stay will not prejudice Lonza. *See O'Sullivan*, 2018 WL 1989585, at \*9 ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). Discovery as between Lonza and Ritual is nearly complete and need not be stayed. USPL has already produced substantial discovery and, in the event that the Court denies its Motion, stands ready to engage in further necessary discovery expeditiously. Further, the Court has already denied Lonza's request for a preliminary injunction, finding that Lonza has not shown irreparable harm. (*See* Dec. 1, 2025 Hr'g Tr. at 40–47.) Moreover, given the passage of time between Lonza *admitting* knowledge of USPL's identity and the Amended Complaint, Lonza cannot credibly claim prejudice due to a short delay.[2] (*See* ECF No. 116 at 3–4) (explaining that Ritual identified USPL as the "Competitor" at the December 1, 2025 conference before this Court).

### C.    Conclusion

Accordingly, the Court should stay discovery as to USPL pending resolution of its Motion.

---

[1] USPL is not a necessary party for reasons explained in its opposition to Lonza's motion to amend its complaint. (*See* ECF No. 101-2 at 8–11.)

[2] As USPL explained previously, Lonza knew or should have known USPL's identity as the unnamed competitor as early as March 6, 2025. (*See* ECF No. 101-2 at 4.) Accordingly, Lonza could have taken steps much earlier to confirm USPL's supposed involvement as the alleged "Competitor." It chose not to.

**March 11, 2026**
**Page 4**

LATHAM&WATKINS LLP

Respectfully submitted,

/s/William O. Reckler
William O. Reckler

cc: All Counsel of Record (via ECF)

To ensure the Court receives Lonza's response in advance of the case management conference scheduled for March 17, 2026 at 3:30 p.m., Lonza's response to USPL's letter is due by March 16, 2026 at 5:00 p.m. The Court does not invite replies.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

March 12, 2026
New York, New York