UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LONZA GREENWOOD LLC,

                         Plaintiff,

        -v-

NATALS, INC. d/b/a RITUAL, *and*
USPL NUTRITIONALS, LLC.,

                    Defendants.

---

25 Civ. 6319 (PAE)

ORDER

**PAUL A. ENGELMAYER, United States District Judge:**

A case management conference in this case is scheduled for tomorrow afternoon, March 17, 2026.  The Court thanks counsel for their thoughtful submissions on outstanding issues.  The Court has carefully reviewed these and expects to resolve various open issues at the conference.  To assure that the conference is maximally productive, the Court wishes to alert counsel to the following:

1.      The Court's firm assessment is that, of the schedules proposed by counsel, *see* Dkt. 131, the one proposed by USPL Nutritionals, LLC ("USPL"), providing the longest period in which to complete discovery, is the most sensible and realistic.  That schedule accommodates the legitimate interests of USPL as a new party to this case.  It also accommodates the anticipated counterclaims by Natals, Inc. d/b/a Ritual ("Ritual"), which appear likely to introduce new issues and new areas for discovery.  It also reflects the complexity of this case, which has become increasingly apparent as a result of the parties' submissions and motions since the original schedule was set.  The discovery period as proposed by USPL would still be expedited relative to most litigation involving claims of the nature of those here.

1

The Court accordingly directs counsel for all three parties, in advance of the conference, to confer, with an eye towards developing a mutually agreeable schedule broadly consistent with that proposed by USPL. If counsel are able to agree on a proposed such schedule, the Court asks them to file a letter setting out that schedule on the docket of this case, and to furnish it to the Court's chambers by email, in advance of tomorrow's conference.

2.      The Court is mindful of USPL's intention promptly to file a motion to dismiss for lack of personal jurisdiction. *See* Dkt. 127. The Court will inquire of counsel about that motion tomorrow. The Court is disinclined to grant USPL's motion to stay discovery directed to it while that motion is pending, including because discovery of USPL will be necessary regardless of the outcome of that motion, on the claims as to which USPL is not a party. However, the Court will encourage counsel, in organizing discovery, where possible, to backload discovery that is solely occasioned by USPL's status as a party. The Court asks counsel to confer before tomorrow's conference about potential jurisdictional discovery, and to incorporate into the proposed schedule a period in which such jurisdictional discovery, if ordered, would be taken.

3.      Under the Court's individual practices regarding summary judgment, before such a motion is filed, the Court receives letters that preview the motion and opposition, and holds a pre-motion conference. *See Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3(K)*, https://nysd.uscourts.gov/hon-paul-engelmayer (Feb. 2026). The parties' proposed schedule should build in time for this process.

4.      To ensure that the Court and counsel have sufficient time to cover the issues at hand, the Court moves the start time for tomorrow's conference a half-hour earlier, to 3:00 p.m. (from the previous 3:30 p.m.).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 16, 2026
       New York, New York