**William O. Reckler**
Direct Dial: +1.212.906.1803
william.reckler@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

|  |  |
|---|---|
| **March 27, 2026** | FIRM / AFFILIATE OFFICES |
|  | Austin — Milan |
|  | Beijing — Munich |
|  | Boston — New York |
| **VIA ECF** | Brussels — Orange County |
|  | Chicago — Paris |
|  | Dubai — Riyadh |
| The Honorable Paul A. Engelmayer | Düsseldorf — San Diego |
| United States District Court for the Southern District of New York | Frankfurt — San Francisco |
| Thurgood Marshall, United States Courthouse | Hamburg — Seoul |
| 40 Foley Square | Hong Kong — Silicon Valley |
| New York, NY 10007 | Houston — Singapore |
|  | London — Tel Aviv |
|  | Los Angeles — Tokyo |
|  | Madrid — Washington, D.C. |

      **RE:**    *Lonza Greenwood LLC v. Natals, Inc. et al.*, **Case No. 1:25-CV-06319 (PAE)**

Dear Judge Engelmayer:

      On behalf of Defendant USPL Nutritionals, LLC ("USPL"), we write pursuant to Rule 4.B of this Court's Individual Rules & Practices in Civil Cases to respectfully request the Court's permission to file under seal the Commercial Manufacturing Services and Supply Agreement (the "Ritual-USPL Agreement") attached as Exhibit A to the Declaration of William O. Reckler in Support of USPL's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction (the "Motion to Dismiss"). We have consulted with counsel for Plaintiff Lonza Greenwood, LLC ("Lonza") and Defendant Natals, Inc. d/b/a/ Ritual ("Ritual"), and they do not object to this request.

      On January 7, 2026, the Court entered the Protective Order governing the treatment of confidential materials in this litigation. ECF No. 80. On January 19, 2026, in response to third-party document subpoenas, then non-party USPL produced the Ritual-USPL Agreement bearing Bates stamps USPL00000036 - USPL00000084 and designated it "Highly Confidential–Attorneys' Eyes Only" pursuant to the Protective Order. Ritual separately produced this same agreement bearing Bates stamps RITUAL00488568 - RITUAL00488616 and designated "Confidential Attorney's Eyes Only." Lonza has not objected to these confidentiality designations.

      USPL intends to attach the Ritual-USPL Agreement as an exhibit to its forthcoming Motion to Dismiss. Lonza referenced this agreement in the Amended Complaint. ECF No. 117 ¶ 124. And Lonza asserted in its recent letter opposing USPL's motion for a stay that a provision in the agreement supports the exercise of personal jurisdiction over USPL. ECF No. 134 at 2.

      To assess whether sealing is warranted, courts in the Second Circuit use the three-step test: described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents;" (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20.

March 27, 2026
Page 2

**L A T H A M & W A T K I N S** LLP

The Ritual-USPL Agreement contains highly confidential business information, including contractual terms related to trademark obligations, confidential information regarding product pricing, and details about proprietary product specifications and formulations, including testing procedures. "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *See, e.g., Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704-08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of that information could "harm a litigant's competitive standing"). Here, USPL's privacy interest is strong: the Agreement contains proprietary commercial and technical information that is not publicly known, and its disclosure would risk competitive harm. Under *Lugosch's* third prong, these interests outweigh any presumption of access, particularly given that the document is submitted in connection with a jurisdictional motion that does not directly address the merits.

The Ritual-USPL Agreement meets the applicable standard for sealing. This Court previously granted a similar sealing request with respect to a document designated as "Highly Confidential–Attorneys' Eyes Only" pursuant to the Protective Order. *See* ECF No. 72. USPL does not seek to redact any references to the Ritual-USPL Agreement in its Motion to Dismiss, but rather seeks to seal the agreement itself only.

Consistent with Section 4.B.3 of the Court's Individual Rules and Practices in Civil Cases, USPL will contemporaneously file the proposed sealed document under seal via the ECF system.

Respectfully submitted,

*/s/ William O. Reckler*
William O. Reckler

cc: All Counsel of Record (via ECF)

GRANTED.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

March 31, 2026
New York, New York