# Brownstein

April 3, 2026

Paul B. Keller
Attorney at Law
(212) 567-1213 tel
pkeller@bhfs.com

VIA CM/ECF

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

 RE:   *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual et al.* Case No. 25 Civ. 06319
(PAE)

Dear Judge Engelmayer:

We write pursuant to Rule 4.B of this Court's Individual Rules & Practices in Civil Cases to respectfully request the Court's permission to file under seal Lonza's Opposition to USPL's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction. We have consulted with counsel for Defendants USPL Nutritionals, LLC ("USPL") and Natals, Inc. d/b/a/ Ritual ("Ritual"), and they do not object to this request.

On January 7, 2026, the Court entered the Protective Order governing the treatment of confidential materials in this litigation. Dkt. 80. On January 19, 2026, in response to third-party document subpoenas, USPL produced the Ritual-USPL Agreement bearing Bates stamps USPL00000036 - USPL00000084 and designated it "Highly Confidential– Attorneys' Eyes Only" pursuant to the Protective Order. Ritual separately produced this same agreement bearing Bates stamps RITUAL00488568 - RITUAL00488616 and designated "Confidential Attorney's Eyes Only."

On March 31, 2026, the Court granted permission to file under seal the Commercial Manufacturing Services and Supply Agreement (the "Ritual-USPL Agreement") attached as Exhibit A to the Declaration of William O. Reckler in Support of USPL's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction (the "Motion to Dismiss"). Dkt. 150. Lonza intends to file its opposition to USPL's motion to dismiss in redacted form because the brief necessarily quotes and relies on provisions of the Ritual-USPL Agreement.

To assess whether sealing is warranted, courts in the Second Circuit use the three-step test: described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents;" (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20.

1

The Ritual-USPL Agreement contains non-public, competitively sensitive commercial terms that the parties have designated as confidential and that are not publicly disclosed. "Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *See, e.g., Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704-08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of that information could "harm a litigant's competitive standing"). Here, the privacy interest is strong. The Agreement contains proprietary commercial and technical information that is not publicly known, and its disclosure would risk competitive harm. Under *Lugosch's* third prong, these interests outweigh any presumption of access, particularly given that the document is submitted in connection with a jurisdictional motion that does not directly address the merits.

Consistent with this Court's presumption of public access and Section 4.B.3 of the Court's Individual Rules and Practices in Civil Cases, Lonza seeks to file a narrowly redacted version of its opposition brief that omits only the specific contractual language drawn from the Ritual-USPL Agreement, while filing the underlying brief publicly to the greatest extent possible. Lonza will contemporaneously file an unredacted copy under seal for the Court's review.

Respectfully submitted,

/s/ *Paul B. Keller*
Paul B. Keller
(pkeller@bhfs.com)
Anne Elise Herold Li
(ali@bhfs.com)
Brownstein, Hyatt, Farber, Schreck, LLP
75 Rockefeller Plaza, Suite 2600B
New York, New York 10019
Telephone: (212) 567-1211

GRANTED.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: April 20, 2026
     New York, New York

2