**Weil, Gotshal & Manges LLP**

VIA CM/ECF

100 Federal Street, Floor 34
Boston, MA 02110-1848
Phone: +1 617 772 8300
Fax: +1 617 772 8333

**Adam Gershenson**
+1 (617) 772-8310
Adam.Gershenson@weil.com

July 10, 2026

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*, Case No. 25 Civ. 6319 (PAE)

Dear Judge Engelmayer,

This letter addresses two unresolved discovery disputes. ***First***, Lonza has yet again affirmatively relied on counsel's legal advice to support its assertion that Lonza owns the asserted trade secrets, while refusing discovery into that advice. Defenses raised at the last hearing—that Lonza's waiver was (a) a heat-of-the-moment invocation at a deposition, and (b) focused solely on which Lonza entity owned the trade secrets—have been obviated because Lonza subsequently chose to invoke the same legal advice in an interrogatory response, this time to answer whether the "secret" information was owned by Lonza or Ritual. To be clear, Ritual is *not* seeking thorny discovery or testimony into potentially privileged territory, but only a simple stipulation tracking what Lonza's attorneys conveyed to Ritual's attorneys during a recess at that hearing.

***Second***, Lonza's recent SmartyPants production contains unexplained redactions in responsive documents, including documents that appear to be communications solely among business personnel, without lawyers. Counsel conferred by telephone on June 30, 2026, and remain at an impasse. Ritual therefore respectfully requests that the Court compel appropriate relief.[1]

**<u>Lonza Repeatedly Waived Privilege Over Its Assessment of Trade Secret Ownership.</u>**

"The attorney-client privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 478 (S.D.N.Y. 1993); *Orco Bank, N.V. v.*

[1] Per Local Rule 37.1, Ritual has excerpted the relevant discovery requests and responses at issue. If the Court wishes to review the full responses and objections to the RFPs and Interrogatories, which Lonza has designated as Highly Confidential - Outside Attorneys' Eyes Only, Ritual will file the materials under seal.

*Proteinas Del Pacifico, S.A.*, 577 N.Y.S.2d 841, 842 (N.Y. App. Div. 1992) (affirming waiver occurred via "responses that plaintiff relied upon the advice of its lawyers who informed it, for example, 'we had a good security'" such that the opposing party could "contest plaintiff's claims that its attorneys advised it at all with respect" to that issue).

Here, the Court already recognized that the issue of Lonza's waiver requires additional briefing beyond Ritual's March 12, 2026, letter. Dkt. 128.[2] The issue is narrow but potentially dispositive. Only the "owner of a trade secret that is misappropriated may bring a civil action." 18 U.S.C. § 1836. And the parties' Sales Agreement pr[redacted] Sales Agreement Ex. D § 9 (emphasis added). Ritual is the Buyer. But Lonza has purported to assert a trade secret claim over, at a minimum, Ritual's Products and Specifications. Ownership also implicates Ritual's counterclaims, given Lonza's apparent use of Ritual's Products and Specifications for the knockoff SmartyPants product(s).

Lonza's technical expert report opens by saying the case is "primarily" about ownership. And Lonza has put ownership front and center by asserting, based on counsel's advice, that Lonza Greenwood—not Ritual and not another Lonza entity—owns the asserted trade secrets.

But multiple Lonza witnesses, including Lonza's 30(b)(6) witness, testified that Lonza Greenwood did *not* own the asserted trade secrets. The only purportedly contrary testimony came when, after a break, evident coaching, and a call to Lonza's IP counsel, Lonza solicited testimony explicitly invoking the advice of counsel. Lonza's counsel asked the witness if, [redacted] he [redacted] about ownership. The witness responded that [redacted] and that [redacted] T. White Tr. 322:8–16.

Lonza repeated that testimony in Supplemental Interrogatory Responses to Ritual's Interrogatory No. 14, which asks whether "Lonza Greenwood, LLC (as opposed to any parent, subsidiary, affiliate, or other entity, ***including Defendant***) owns each asserted Trade Secret." After the March 17, 2026 conference, Lonza amended its Supplemental Interrogatory Responses, but rather than withdraw the statement, Lonza tripled down, relying *again* on the substance of counsel's advice as Lonza's answer to its ownership problem.

[redacted]

[2] The Court invited briefing beyond the ordinary page lengths for discovery disputes. Tr. 14:2–4 (Mar. 17, 2026). Because Ritual seeks only narrow relief, it consolidated this briefing but would provide further briefing if helpful.

These are not passing references merely indicating counsel was consulted. They put at issue the lawyer's substantive, factual advice, strategically relied on to overcome witness testimony and support an interrogatory response. Having used the "sword" three times, Lonza cannot now raise the "shield." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).

Even if Lonza did not intend waiver, that is "immaterial if they intentionally undertake actions that have the effect of causing such a waiver." *Bowne*, 150 F.R.D. at 480. Nor can Lonza contend these answers merely reflected Lonza's legal position, which was already captured in Lonza's pleadings. Lonza's reliance on counsel testimony added *support* and *confirmation* for Lonza's legal positions that (a) cannot be tested and (b) are at best misleading.

At the hearing recess, Ritual sought to resolve this dispute. Lonza represented its counsel had never analyzed the ownership issue and had no documents to support the *ipse dixit* claim to ownership. Accordingly, Ritual requested a stipulation that: (1) Lonza has done a reasonable, diligent search of emails and unstructured data and found no written communications or legal analysis regarding ownership of the asserted trade secrets; (2) Lonza is not relying on any legal opinion or advice of counsel to support its claim that it owns the asserted trade secrets; and (3) Lonza agrees that the Sales Agreement is unambiguous regarding ownership of "Intellectual Property," including the asserted trade secrets.

Lonza refused, but this stipulation would cure the issue Lonza created. Accordingly, Ritual requests the Court compel the stipulation. Alternatively, if Lonza now claims it does possess a pre-litigation ownership analysis of asserted trade secrets, that analysis should be produced or, at a minimum, reviewed in camera.

**<u>Lonza's SmartyPants Redactions Are Improper.</u>**

"The attorney-client privilege applies to '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 589 (S.D.N.Y. 2015) (quoting *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). Given the purpose of the rule is to promote frank communications with counsel, the general rule is that where no "attorney was copied" on an email, "there is no basis for [the] claim of attorney-client privilege." *Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011).

Lonza's SmartyPants productions contain redactions of emails that include no lawyers and that apparently cover business information. Lonza has insisted such redactions must stand—even though they hide material produced six months earlier with *no* redactions. These redactions appear to cover business communications on key issues concerning Lonza's analyses of the overlap between the Ritual and SmartyPants products and prejudice Ritual's ability to evaluate the SmartyPants evidence produced under Court Order.

As Lonza expanded its redactions, Ritual requested further information on April 24, May 12, and June 15, 2026, but has not received information as to the indicia of legal advice, the subject of the purported legal advice, the lawyer who provided it, or the date the advice was communicated. On June 16, 2026, Lonza's counsel stated it would follow up with information "identifying the attorney involved and the general subject matter of the advice." It never did. On July 8, 2026,

Lonza reaffirmed only that it "maintains its position." To assess Lonza's naked privilege assertion, Ritual requests in camera review of at least the unredacted version of LONZA0207400, a single document Lonza can readily provide the Court.

Respectfully submitted,

*/s/ Adam S. Gershenson*

Adam S. Gershenson

Per the Court's Individual Rule 2(E) governing discovery disputes, Lonza's response to Ritual's letter is due by July 15, 2026.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 10, 2026