**Weil, Gotshal & Manges LLP**

VIA CM/ECF

100 Federal Street, Floor 34
Boston, MA 02110-1848
Phone: +1 617 772 8300
Fax: +1 617 772 8333

**Adam Gershenson**
+1 (617) 772-8310
Adam.Gershenson@weil.com

July 22, 2026

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*, Case No. 25 Civ. 6319 (PAE): Ritual's Letter-Motion to Compel Completion of the Court-Ordered SmartyPants Production (Dkt. 136)

Dear Judge Engelmayer,

Four months after this Court Ordered Lonza to complete the SmartyPants document production, Lonza has produced effectively *nothing* predating the finished, multi-product pitch it delivered to SmartyPants on November 8, 2024. *See* Dkt. 136. Lonza's own statements confirm such materials exist. Lonza has produced essentially no preceding drafts, sources, feasibility analyses, or emails discussing the decision to knock off Ritual's products. By Lonza's account, this presentation materialized from nowhere fully formed, like Venus on the half shell.[1]

Lonza's compliance with the Court's Order has come in fits and starts. When Ritual flagged enormous holes in Lonza's first production, Lonza confessed it had failed to produce ~10,000 responsive pages, citing a "technical error." That correction still omitted documents showing when and how Lonza developed the knockoff product, using what (and whose) information. Yet Lonza now assures the Court that it "conducted a reasonable search and produced the responsive, non-privileged documents." Dkt. 178-1 at 5. On July 8, Lonza told Ritual its search was still ongoing; on July 16, the deadline, Lonza produced nothing.

This is not a technical dispute divorced from case merits. Lonza is using withheld discovery as a sword and shield. On July 20, 2026, Lonza again moved to dismiss Ritual's counterclaim, insisting Ritual "makes no attempt to identify specific confidential information or the misuse of such information." Dkt. 178-1 at 14. But Lonza is withholding this information.

---

[1] Lonza has made a habit of producing nothing in response to Ritual's requests. Ritual served fifty-nine requests to support its counterclaims and Lonza produced zero documents in response. Documents were due July 16 and Lonza produced absolutely nothing on SmartyPants beyond its prior production and nothing on its recent termination of the parties' Sales Agreement, the related disputes over manufacturing quality, payments and an outstanding credit memo, or Lonza's failures to produce stable products or provide documentation required by contract. Ritual expects to file a separate motion if these issues cannot be resolved via conferral.

Ritual's counterclaims allege that Lonza competed unfairly, secured unjust enrichment, and used Ritual's confidential information to develop and manufacture the copycat prenatal for SmartyPants. AACC ¶¶ 21–30, 85–99. And documents indicate that, despite Lonza's denials, *see* Dkt. 178-1 at 11, Lonza may have ultimately gone even further and used Ritual's exclusive format. *See* Ex. 4, LONZA0332588 ([redacted]). Lonza's motion even faults Ritual for failing to plead "facts demonstrating" the reformulation, Dkt. 178-1 at 13, while withholding the development documents that would show it. Lonza cannot withhold the relevant evidence on its own secret project, then lament that Ritual cannot pinpoint every detail of Lonza's scheme.

On June 16, 2026, Lonza described slide-deck libraries from which it assembles custom pitches, confirming responsive materials remain unproduced. Counsel conferred by phone on June 30, and repeatedly by correspondence. Lonza delayed, then on July 16, produced zero documents.[2] The parties are at an impasse.

**The Court-Ordered SmartyPants Development Record Is Missing.**

The Court directed Lonza to "complete its outgoing document discovery with respect to the 'Smarty Pants' product, see Dkt. 128 at 2, by March 25, 2026." Dkt. 136 ¶ 2. That Order incorporates Dkt. 128 at 2, which sought all documents and communications concerning the SmartyPants product, categories that reach the pre-pitch drafts, source decks, and internal communications at issue. The deadline passed without compliance or any request for relief from the Order; as late as July 8, Lonza acknowledged that its search remained ongoing.

Of the 5,500+ SmartyPants documents Lonza produced, only ***one*** predates the November 8, 2024 pitch: a single to-do list referencing the [redacted]. *See* Ex. 2, LONZA0332595. The sole produced version of the November 8, 2024 deck (Ex. 1, LONZA0319775 at 777 et seq.) is a polished, multi-product pitch, which typically comes at the end of a development process. But Lonza produced no preceding drafts, source decks, feasibility analyses, or internal communications. Lonza's entire production falls after the pitch at the center of Ritual's claim—a distribution that almost certainly reflects a substantial hole in Lonza's search, and additionally casts doubt on the completeness of what development and process documents Lonza produced, and withheld, from after the presentation.

Lonza's emailed statements confirm Lonza "maintains numerous slide decks of its product and ingredient offerings from which it draws to make custom ones for each request," yet declined to confirm the produced deck was the only iteration or was never discussed internally before being sent. Lonza's position is that this final, multi-product deck proposing to copy a suite of products from its largest customer emerged whole cloth, with pricing, dosages, and all, without any input or discussion with anyone. Plus, it was produced to Ritual as a frozen PDF lacking metadata, as if it had never been assembled or circulated internally at Lonza as a PowerPoint in the making. The Court Order was months ago. As for any additional materials, the deadline for production was "July 16, 2026, as stipulated." *See* Ex. 5 at 1 (citing Fed. R. Civ. P. 34(b)(2)(A); Dkt. 162).

Where responsive, unproduced documents exist, the Court may direct the producing party to complete its production, confirm completeness by affidavit after a diligent search, and account

[2] Per Local Civil Rule 37.1, Ritual excerpts the relevant requests and responses. Because it references Lonza-designated material, Ritual files a redacted public version, a highlighted copy under seal, and a companion seal motion.

for the sources, custodians, and search terms. *See FG Hemisphere Assocs., L.L.C. v. Republique du Congo*, 2005 WL 545218, at *2 (S.D.N.Y. Mar. 8, 2005); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2019 WL 3334503, at *18 (S.D.N.Y. July 25, 2019) (granting discovery into sources, custodians, and documents collected by search term).

**Ritual Long Sought This Discovery, and the Court Already Rejected Lonza's Objections.**

Request for Production No. 42 seeks "all Documents and Communications concerning other customers of Lonza that manufacture or sell products similar to the Products." Lonza objected that the request covered [redacted] and sought [redacted] (Ritual's RFP Nos. 4, 10, and 13 also seek this crucial information. Ex. 3).

On March 17, the Court ordered production as "fair game," declined to let Lonza use the fact-discovery schedule "as a sword and a shield," and held that Ritual "timely pursued this information using discovery demands that Lonza has to date resisted." Tr. 12 (Mar. 17, 2026).

Lonza's production to date confirms relevant materials remain missing. For example, the custodial file of Sterling Hamilton, a regulatory custodian central to the SmartyPants work, yielded only twenty-two documents; one, LONZA0317069, [redacted].

**Under Such Circumstances, Courts Have Repeatedly Granted Relief.**

Lonza's search—conducted only when compelled, missing thousands of documents, and rife with internal contradictions and chronological and logical gaps—raises serious questions. Under such circumstances, courts have repeatedly granted discovery to understand parties' search processes. *See, e.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 1:15-cv-00211 (LGS) (SDA), 2018 WL 11455780, at *1, 7 (S.D.N.Y. Apr. 17, 2018) (compelling production of search term results, additional "written questions" and 30(b)(6) testimony because *inter alia* "the parties must adhere to prior Orders of the Court."); *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (LJL), 2025 WL 2463633, at *2–*3 (S.D.N.Y. Aug. 27, 2025) (granting discovery into search efforts "when the requesting party identifies specific evidence to call into question the responding party's contention that no further responsive documents exist.").

Ritual has identified the specific evidence *Lively* requires, including Lonza's own account of its slide-deck libraries, the chronological gap in its production, and the metadata-stripped form of the sole deck produced. Ex. 4 adds more: [redacted]. Lonza's bald assurance that it searched is not sufficient. Ritual therefore requests that Lonza:

1. complete production under Dkt. 136, including all related source and template materials, all internal communications reflecting their creation, editing, and transmission, and the native versions of those decks and source files with metadata intact; and
2. provide a declaration and 30(b)(6) witness attesting to the sources and custodians searched, the volume of material collected, the search terms applied.

Alternatively, Ritual would welcome an informal conference to address these issues.

Respectfully submitted,

<u>/s/ *Adam S. Gershenson*</u>
Adam S. Gershenson

Per the Court's Individual Rule 2(E), any response is due July 27, 2026.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 23, 2026
New York, New York