UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONZA GREENWOOD LLC,

Plaintiff,

-v-

NATALS, INC.,

Defendant.

25 Civ. 6319 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

This order resolves several discovery disputes. Defendant Natals, Inc. d/b/a Ritual ("Ritual") moves to compel plaintiff Lonza Greenwood LLC ("Lonza") to enter certain stipulations in connection with its renunciation of an advice-of-counsel defense and to produce certain documents, including unredacted copies of documents it produced concerning Lonza's "SmartyPants" line. Dkt. 172. Lonza opposes these motions. Dkt. 176.

***Advice of counsel***: It is clear to the Court that Lonza intentionally invoked advice of counsel when, after a break in a Rule 30(b)(6) deposition, its corporate representative stated that the deponent had "reached out to our IP counsel Ralph Dean and confirmed" that the alleged trade secrets are owned by Lonza. Dkt. 172 at 2. Lonza later repeated that claim in an amended interrogatory response. *Id.* Lonza's denial that these statements amounted to an invocation of the advice counsel cannot be taken seriously.

Were Lonza continuing to press the point, the Court would have authorized discovery into an advice of counsel defense, as requested by Ritual, given Lonza's deliberate and repeated

invocation of counsel's opinion, by a Rule 30(b)(6) corporate representative, no less.[1] However, in ensuing correspondence before this Court, Lonza has expressly renounced any such defense. *See, e.g.*, Dkt. 176 at 2. The Court will hold Lonza to that commitment for the duration of this case; strike the Rule 30(b)(6) testimony and interrogatory response(s) to the extent they invoked counsel's opinion; and preclude Lonza from pursuing an advice of counsel defense. Lonza is at liberty to continue to claim ownership of the trade secrets at issue, but it would need to establish such ownership by other competent evidence. In light of Lonza's renunciation of an advice of counsel defense and the Court's consequent preclusion of such a defense, the Court denies as moot Ritual's request for a stipulation regarding the advice of counsel defense.

***Review of redacted document***: Lonza has claimed privilege over portions of a document, Bates-stamped LONZA0207400, which it has redacted. Ritual disputes the validity of those redactions. To resolve this dispute, the Court will review the document *in camera*. By 5pm on Monday, August 3, 2026, Lonza is to deliver the document to the Court's chambers, in both redacted and unredacted form, with the redacted version filed on the docket of this case and the unredacted version filed under seal. Lonza may submit alongside those materials a brief letter explaining the basis for the redactions. That letter is to be contemporaneously produced to Ritual, and publicly filed, with redactions as necessary to avoid disclosure of the privileged contents.

***SmartyPants redactions***: The parties also dispute the validity of redactions that Lonza has made to other documents relating to "SmartyPants," which Lonza has justified on attorney-

[1] *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 4394, 2017 WL 9802844, at *2 (S.D.N.Y. Sept. 15, 2017); *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991) (the attorney-client privilege "cannot at once be used as a shield and as a sword," and must be waived "when defendant asserts a claim that in fairness requires examination of protected communications").

client privilege grounds. To resolve this dispute, the Court will review these materials *in camera*. By 5pm on Monday, August 3, 2026, Lonza is to deliver two tabbed binders (or sets of tabbed binders) to the Court, containing the documents in redacted and unredacted form, and the privilege log(s) that Lonza has furnished to Ritual in connection with these materials, with the redacted versions filed on the docket of this case and the unredacted version filed under seal. Lonza may submit alongside these materials a brief letter explaining the basis for the redactions. That letter is to be contemporaneously produced to Ritual, and publicly filed, with redactions as necessary to avoid disclosure of the privileged contents.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 30, 2026
New York, New York