UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONZA GREENWOOD LLC,<br><br>Plaintiff,<br><br>-v-<br><br>NATALS, INC.,<br><br>Defendant. | 25 Civ. 6319 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, United States District Judge:

This order resolves a dispute over document redactions made by plaintiff Lonza Greenwood LLC ("Lonza") on grounds of attorney-client privilege. Dkts. 172, 176, 196. Defendant Natals, Inc. d/b/a Ritual ("Ritual") moves to compel Lonza to produce unredacted copies of these documents, which concern Lonza's "SmartyPants" line. Dkt. 172. On July 30, 2026, the Court ordered Lonza to provide it with copies of the materials the containing disputed redactions for *in camera* review. Dkt. 195. On August 3, 2026, Lonza did so.

The materials at issue fall into three categories: (1) two sets of related email threads between November 8, 2024 and November 20, 2024; (2) an email thread between April 15, 2025 and May 1, 2025; and (3) an email thread from March 28, 2025 to June 30, 2025. The Court's analysis of these is as follows.

***Tabs 1–7* (LONZA0319882, LONZA0319606, LONZA0207400, LONZA0317810, LONZA0319813, LONZA0317859, and LONZA0317751):**[1] The Court orders Lonza to produce unredacted copies of these records forthwith. Lonza has not carried its burden in

[1] The Tab and Bates-stamped numbers are drawn from Lonza's production to the Court. Lonza has publicly filed redacted versions of these materials. *See* Dkt. 197.

asserting privilege over these emails. The communications consist of business-related and technical communications exclusively between non-lawyer corporate employees. *Molnlycke Health Care US, LLC v. Greenwood Mktg., LLC*, No. 22 Civ. 3719, 2024 WL 4602138, at *2 (S.D.N.Y. Oct. 29, 2024). Such "communications do not become privileged simply because an attorney recommended its preparation if it contains merely business-related or technical communications between corporate employees." *In re OpenAI, Inc., Copyright Infringement Litig.*, 802 F. Supp. 3d 688, 696 (S.D.N.Y. 2025) (cleaned up); *see also GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, No. 11 Civ. 1299, 2011 WL 5439046, at *3 (S.D.N.Y. Nov. 10, 2011) ("communications that relate primarily to business matters, rather than legal advice, are not protected" by the attorney-client privilege); *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 367 (N.D.N.Y. 2010) (holding "facts, information, and business records, many of which were prepared as a part of or required for business transactions" to fall outside the scope of attorney-client privilege).

Lonza has not established its claim that redacted content "convey[s] and discuss[es] legal advice." Dkt. 196 at 2. It is conceivable that some redacted commentary reflects perceptions by business personnel informed in some respect by prior communications with legal personnel. *See, e.g.*, Tab 4 at 1; Tab 6 at 1. But the documents themselves do not say or reveal as much. They say nothing of legal advice. It is only Lonza's claim of privilege in redacting these documents that connects these to legal advice. And the legal advice which Lonza posits informed these communications predated the email exchange by more than nine months. *See* Dkt. 196-1 ("Exhibit A"), Dkt. 196-2 ("Exhibit B"). Accordingly, because Lonza has not established that these materials, which squarely concern business-related or technical communications between corporate employees, reveal or can otherwise be attorney-client communications, the materials cannot be withheld on grounds of privilege. *See, e.g.*, *Fed. Trade Comm'n v. Vyera Pharms.*,

*LLC*, No. 20 Civ. 706, 2021 WL 124322, at *3 (S.D.N.Y. Jan. 13, 2021) (rejecting attorney-client privilege reached question over whether "a particular course of action would appear problematic" in dispute involving decision not to supply competitor with certain pharmaceuticals).

***Tab 8* (LONZA0317520)**: The Court sustains Lonza's redaction. It consists of a single redaction in a May 1, 2025 email from André Seibel to two other Lonza executives. For the reasons reflected in its letter, Lonza has credibly demonstrated that the redacted content here consists of material its executives sought to compile for counsel. The attorney-client privilege protects such confidential communications made "for the purpose of securing legal advice." *Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency*, 811 F. Supp. 2d 713, 736 (S.D.N.Y. 2011).

***Tab 9* (LONZA0317295)**: The Court sustains Lonza's three redactions. The first appears in an email dated June 30, 2025 from André Seibel to three other Lonza executives. The second appears in an email dated June 4, 2025 from Seibel to two other Lonza executives. The third appears in an email dated June 3, 2025 from Seibel to two other Lonza executives. All three redactions appear in an email thread concerning edits to a Quality Agreement that Lonza sought to execute with SmartyPants. For the reasons reflected in its letter, Lonza has credibly demonstrated that the redacted content here was compiled predominantly for the purpose of seeking legal advice. Such material is properly withheld.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 6, 2026
New York, New York