UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONZA GREENWOOD LLC,

Plaintiff,

-v-

NATALS, INC.,

Defendant.

25 Civ. 6319 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

This order resolves three outstanding discovery disputes in the above-captioned case, which the parties identified after a meet-and-confer on August 7, 2026. Dkt. 204. The Court thanks counsel for their attempts to narrow the areas in dispute before seeking resolution by the Court. The Court resolves these issues, between Natals, Inc. d/b/a Ritual ("Ritual") and Lonza Greenwood LLC ("Lonza"), as follows.

***Investment pitch book and transaction records***: Ritual seeks from Lonza "investment pitch books, valuations, diligence, and transaction documents concerning the sale of the business." *Id.* at 2. It argues that these materials are probative of its counterclaims, including as to damages. *Id*. Lonza counters that Ritual's request is vastly overbroad, in that the portion of its position relevant to this case "was only a very small part of the overall sale" covered by the materials and that Ritual's request would sweep up "transaction materials concerning a much broader business than the claims . . . at issue." *Id*. at 3.

Lonza is correct. Ritual's legitimate interest covers, at most, a small corner of the transaction at issue, involving Lonza's dosage formulation solutions ("DFS") business. The overall transaction, however, concerned a much larger Lonza division, its capsule and health

ingredients business. *See id.* Ritual's request thus appears very likely to seek materials far beyond the scope of its counterclaims. Where a party's request is highly overbroad so as to demand commercial transaction records far beyond its legitimate needs in the litigation, courts have declined to order production of such records. *See, e.g.*, *In re Vale S.A.*, No. 20 Misc. 199, 2021 WL 311236, at *3 (S.D.N.Y. Jan. 29, 2021) (denying discovery request as overbroad when it would "unnecessarily expose the details of all of [the party's] commercial transactions" over a period of several years); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02 Civ. 34, 2006 WL 8429110, at *3 (S.D.N.Y. June 21, 2006) (denying request to compel "extensive production of the plaintiffs' investment history and account statements" where such was overbroad and unlikely to prove relevant). Ritual suggests that the investment materials that address units outside the DFS business may bear on its valuation of *other* intellectual property assets, but that argument is thinly developed and conjectural. Discovery requests must be more than a "fishing expedition." *United States v. Ghislaine Maxwell*, No. 20 Cr. 330, 2022 WL 576306, at *4 (S.D.N.Y. Feb. 25, 2022). The Court denies Ritual's request to compel Lonza to produce these materials. This ruling is without prejudice to Ritual's right to timely seek production of a vastly pruned subset of the materials in question, limited to materials relating to the relevant valuation determinations of or within the DFS unit.

***Quality (K2) Records***: Ritual next seeks to compel Lonza to produce "full batch records" relating to what the parties term "the K2 issue." Dkt. 204 at 2–3. Lonza responds that it has "offered Ritual an in-person review" of these records. *Id.* at 3. This approach is reasonable and Ritual has not objected to it. *See* Fed. R. Civ. P. 34(b)(2). The Court accordingly denies Ritual's request, without prejudice to Ritual's right, following this in-person review, to pursue production of materials from within these records.

***Lonza's Interrogatory No. 1***: Lonza asks the Court either to order Ritual to abide by its stated commitment to provide a complete supplemental response identifying "with reasonable particularity each item of alleged confidential information that Ritual contends Lonza misused." Dkt. 204 at 3. Ritual counters that it will supplement its response within one week of receiving the outstanding discovery from Lonza and again at the close of fact discovery. *Id*. at 2. Ritual thus appears to have pledged to comply with Lonza's request. In these circumstances, there is no live dispute requiring the Court's intercession. "Attorneys are officers of the court and a judge has the right, in most circumstances, to rely on their representations to him." *Greer v. Carlson*, No. 12 Civ. 5484, 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) (quoting *Theodore v. State of N.H.*, 614 F.2d 817, 822 (1st Cir. 1980)).

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 10, 2026
New York, New York