**Weil, Gotshal & Manges LLP**

VIA CM/ECF

1001 Boylston St., Suite 300
Boston, MA 02115-1829
Phone: +1 617 772 8300
Fax: +1 617 772 8333

**Adam Gershenson**
+1 (617) 772-8310
Adam.Gershenson@weil.com

August 26, 2026

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*, Case No. 25 Civ. 6319 (PAE) Ritual's Letter-Motion for Production and Access

Dear Judge Engelmayer,

Despite months of promises and agreements, Lonza has still not fully produced the SmartyPants development documents this Court Ordered produced in March 2026. For the documents Lonza has produced, Lonza designated 99 percent of them in a way that no Ritual fact witness can view them. With just days before depositions, Lonza's approach would mean Ritual has to proceed blindfolded, with one or both hands tied behind its back. Accordingly, Ritual—reluctantly and respectfully, with full awareness of the Court's desire for the parties to resolve issues cooperatively—requests that these materials be (1) produced immediately, and (2) designated so that two witnesses, who have offered supplemental undertakings not to use the information for any purpose other than this litigation, can review the materials and evaluate what Ritual information Lonza misused in manufacturing the copycat SmartyPants product.[1]

This relief is necessary and appropriate for three reasons. ***First***, failure to produce Court-Ordered discovery flouts the "responsibilities counsel owe to the Court and to their opponents." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067 (2d Cir. 1979) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (per curiam)); *see also Cine*, 602 F.2d at 1067–68 (gross professional negligence supports the full range of Rule 37 sanctions even absent willfulness); *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 516–17 (S.D.N.Y. 2009) (holding a party in contempt under Rule 37(b)(2) for violating a discovery order). Tardy or incomplete "compliance" is not compliance at all. *See J.C. v. Zimmerman*, 150 F.4th 136, 147 (2d Cir. 2025) (holding that a *one-day* "delay, however short, constitutes a violation of a 'clearly articulated order of the court requiring specified discovery'" (citation omitted)).

[1] Ritual noticed this challenge under Protective Order ¶ 11 on August 18. The parties conferred multiple times, including by video on August 21, and reached impasse on August 25.

The Court Ordered the production of all SmartyPants documents on or before March 25, 2026. Dkt. 136 ¶ 2. It is now August 26. Ritual has been clear about which technical documents it needs. Earlier this month, after Lonza "agreed" for the umpteenth time to produce these materials to stave off motion practice, Ritual sent the list below:

**Product documents.** Beyond the batch records, COAs, and test results already requested, the additional categories are:

- Product Development Report
- Laboratory notebooks showing formulation and process development trials
- Manufacturing Process Validation Protocol and Report
- API certificates of analysis
- Excipient certificates of analysis
- Master manufacturing records and executed batch manufacturing records
- In-process control data
- Equipment and line specifications
- Manufacturing Equipment Qualifications (IQ, OQ, PQ)
- Stability protocols and Stability Reports
- Annual stability report to FDA
- All email communications and meeting minutes of the product and process development teams

Lonza has since promised, on various dates, a production "limited in volume." Respectfully, the universe should be produced no later than September 4, 2026.

***Second***, under Federal Rule of Civil Procedure 26(c), confidentiality designations require good cause through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) (internal quotation marks omitted); *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, No. 5:03-CV-165 (HGM/GLS), 2004 WL 7372124, at *2, *9 (N.D.N.Y. Feb. 18, 2004) (lifting "Confidential/Attorneys Eyes Only" designations where the designating party failed to show the documents were confidential). And paragraph 11 of the Court-entered Protective Order places "[t]he burden of persuasion in any such challenge proceeding" on the designating party. Dkt. 80 ¶ 11; *see also id.* at 1, ¶ 6(b) (providing that the Order "does not confer blanket protections on all disclosures," and obligates each designating party to "limit any such designation to specific material that qualifies.").

Lonza has not even attempted to meet that burden. For the documents at issue, Lonza labeled 6,975 of 6,999 documents Attorneys' Eyes Only ("AEO"), one of the Order's most restrictive tiers. Such a designation is "to be used sparingly," not 99.66 percent of the time. *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 2266971, at *1 (S.D.N.Y. May 2, 2017).

Further, Lonza has served an interrogatory and 30(b)(6) topics requiring Ritual witnesses to testify as to what Ritual information Lonza misused in developing and manufacturing SmartyPants' copycat prenatal vitamin—while denying those witnesses access to the information that would answer the questions. These witnesses, Ritual's Chief Scientific Officer Dr. Nima Alamdari and its Senior Vice President of R&D and Quality, Caryn Doerr, are not seeking to learn any "secrets" from a product that copied their own. Their interest lies solely in

understanding the scope of Lonza's misconduct and enforcing Ritual's rights, and both have offered to sign attestations that they will use any information *only* for purposes of this litigation.[2]

This letter also constitutes the specific objection the Court invited in Dkt. 111, which denied Ritual's earlier application for its witnesses to view Lonza information on an "across-the-board" basis "without prejudice to its right to object on a more specific basis to Lonza's designations as to particular materials" and warned that, if so, a global AEO designation by Lonza "would itself be clearly improper" and must be "revisit[ed] and revise[d] . . . forthwith." Dkt. 111 at 1–2 & n.1. The specific materials now at issue are not Lonza's asserted trade secrets; they are instead the technical SmartyPants documents related to Ritual's claims, and Ritual is not seeking across-the-board access but only access for two identified individuals challenging precisely the sort of global designation this Court warned against. Indeed, Lonza has designated off-limits materials like correspondence *to* Ritual, a vendor's marketing materials, and nine AEO-stamped printouts of public regulations, 21 C.F.R. §§ 184.1676 and 184.1634.

It is "difficult, if not impossible, to imagine" that every produced document warrants blanket AEO. *Fears v. Wilhelmina*, No. 02 Civ. 4911 (HB), 2003 WL 21737808, at *1 (S.D.N.Y. July 25, 2003). Lonza's approach is far more extreme than in the recent OpenAI case, where another court in this District was "concerned that OpenAI may have overused the AEO designation" after plaintiffs asserted it had designated 65 percent of its documents AEO, and found the examples of those designations "questionable at best" and "all appear to be examples of documents that Plaintiffs would seek to use at depositions." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-3143 (SHS) (OTW), 2025 WL 1745267, at *2 & n.4, *3 (S.D.N.Y. June 24, 2025).

***Third***, Lonza's repeatedly stated rationale for withholding the materials—that technical development documents are composed of *its customer's* confidential information—is the exact point Ritual has been advancing throughout this entire case. Lonza's counsel has *not* said that the designations protect *Lonza*'s information, but rather that the "confidential technical, operational, manufacturing, . . . regulatory, commercial, and financial information," including the way "SmartyPants and Lonza jointly evaluated products, established specifications, conducted testing and validation, selected ingredients, developed formulations, audited suppliers, . . . and approached commercialization and product-development decisions" is "information belonging to a non-party competitor of Ritual." In other words, such information *belongs to the customer*. Lonza cannot both admit that SmartyPants' development information belongs to SmartyPants and insist that Ritual's development information belongs to Lonza.

The Court should compel production by September 4, 2026, and permit tailored access to the two identified witnesses.

Respectfully submitted,
/s/ Adam S. Gershenson
Adam S. Gershenson

cc: All counsel of record (via ECF)

[2] A witness's role in competitive decision-making begins, rather than ends, the access inquiry. *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83–85 (S.D.N.Y. 2015); *see also Deffaa v. Pivotel Am., Inc.*, No. 20 Civ. 5466 (ER), 2021 WL 4124301, at *2 (S.D.N.Y. Sept. 9, 2021).

Per the Court's Individual Rule 2(E) governing discovery disputes, plaintiffs response to defendant's letter is due September 1, 2026. The Court does not invite replies.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 27, 2026
New York, New York