UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONZA GREENWOOD LLC,

Plaintiff,

-v-

NATALS, INC.,

Defendant.

25 Civ. 6319 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

This order resolves the latest discovery disputes in the above-captioned case. Dkt. 207. Ritual asks that Lonza (1) "fully produce" the SmartyPants development documents, and (2) modify its confidentiality designations for these documents, to permit two Ritual fact witnesses to review the material and "evaluate what Ritual information Lonza misused in manufacturing the copycat SmartyPants product." *Id.* at 1. Lonza opposes, Dkt. 209, contending that Ritual's production request is moot, and that Ritual never challenged designation consistent with the parties' agreed-upon framework under the Protective Order entered on January 7, 2026, Dkt. 80.

***SmartyPants Production***: Lonza responds by representing that "the requested access has been provided. The issue is moot." Dkt. 209 at 1. It states that "the very day Ritual filed its motion," Lonza made available an additional "41 documents," which followed a supplemental production of 632 documents made on July 24, 2026. It thus represents that, to the extent Ritual sought to compel the SmartyPants production, such has now been produced. The Court accepts this representation. However, given the difficult history on this point, and to avoid any possible deficiency in Lonza's production of the SmartyPants materials, the Court directs Lonza's outside

counsel personally to confirm the completeness of this production, consistent with the Court's prior rulings, and to file a letter to this effect on the docket by **September 22, 2026**.

***Lonza's Confidentiality Designation***: Not for the first time, Ritual has requested to obtain broad access for deposition witnesses to materials that Lonza designated "attorneys eyes only" ("AEO") under the protective order, and Lonza, opposing, has sought a document-by-document justification, citing the parties' Protective Order. *See* Dkt. 111. Ritual represents that Lonza has designated 6,975 of 6,999 (*i.e.*, 99.65%) of such documents Attorneys' Eyes Only ("AEO"). Dkt. 207 at 2.

"Blanket" designations of documents as confidential or AEO are generally improper. *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016) (party "may not simply designate its entire production . . . as confidential. [It] may only designate documents within its production as confidential after making a good faith determination that there is a legitimate basis for a confidentiality designation."). The Court has previously admonished Lonza that a global designation of all documents as AEO by Lonza would be improper. Dkt. 111 at 3 n. 1. *See, e.g.*, *Jackson v. Nassau Cnty.*, No. 18 Civ. 3007, 2021 WL 2525397, at *5 (E.D.N.Y. June 19, 2021) (ordering defendants' counsel to re-designate materials where plaintiffs challenged confidentiality designations for approximately "4,180 documents"); *Fears v. Wilhelmina*, No. 02 Civ. 4911, 2003 WL 21737808, at *1 (S.D.N.Y. July 25, 2003) ("It is difficult, if not impossible, to imagine that every piece of paper being produced by [the defendant] is so sensitive that a blanket designation of "confidential—attorneys' eyes only" is appropriate."). The Court directs Lonza's outside counsel to review each such designation of the SmartyPants production *de novo*, and to file a letter on the docket by **September 25, 2026** (1) setting out the manner and outcome of such review; and (2) to the extent it asserts that a

scheduled deponent should be denied the opportunity to review of any such designated document, explaining why. If a dispute on this point thereafter remains, the Court expects that its *in camera* review of some or all of these documents may likely follow.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 16, 2026
New York, New York