**Weil, Gotshal & Manges LLP**

**VIA CM/ECF**

1001 Boylston St
Suite 300
Boston, MA 02115-1829
Phone: +1 617 772 8300
Fax: +1 617 772 8333

**Adam Gershenson**
+1 (617) 772-8310
Adam.Gershenson@weil.com

October 30, 2026

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Lonza Greenwood LLC v. Natals, Inc., No. 25 Civ. 6319 (PAE) — Letter Motion to File Exhibits C–E Under Seal

Dear Judge Engelmayer:

Pursuant to Rule 4.B of Your Honor's Individual Rules and Practices and paragraph 27 of the Protective Order (Dkt. 80), Natals, Inc. d/b/a Ritual ("Ritual") respectfully moves for leave to file under seal Exhibits C, D and E to its letter motion for reimbursement of costs under the Court's October 2, 2026 Order (Dkt. 219), and to file that letter publicly with three short quotations from those exhibits redacted. Contemporaneously with this motion, and electronically related to it, Ritual is filing under seal the three exhibits and a copy of the letter with the proposed redactions highlighted, in conformity with Standing Order 19-MC-00583 and Section 6 of the ECF Rules & Instructions.

Exhibits C, D and E are documents Lonza produced in discovery, bearing Bates numbers LONZA0008231, LONZA0047855 and LONZA0318438. Lonza designated each "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only" under the Protective Order. Paragraph 27 of that Order provides that a party may not file material another party has designated "without the other Party's consent unless the designation of such Protected Material is successfully challenged under the terms of this Order or otherwise ordered by the Court."

Ritual does not itself contend that these documents, or the three sentences the letter quotes from them, overcome the presumption of public access to judicial documents. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Exhibit C is a November 2022 email chain in which a Ritual employee's notes of a Ritual–Lonza meeting, sent to both companies' personnel, are followed by Lonza's internal replies. Exhibits D and E are Lonza emails from October 2023 and December 2025. The quoted sentences state that Lonza personnel shared a test method with USPL and that a Lonza sales executive expected a competing product to "over take[]" Ritual; they disclose no formula, specification or test parameter. Under the Protective Order, the burden of justifying a designation rests with the designating party. Dkt. 80 ¶ 11.

Ritual therefore respectfully requests that the Court (1) grant leave to file Exhibits C, D and E under seal, and the letter in redacted form, on a provisional basis; (2) direct Lonza to state within

seven days whether it maintains that any exhibit or quoted passage should remain under seal and, if so, to make the showing that Rule 4.B.2 requires; and (3) absent that showing, direct that the exhibits and the unredacted letter be filed on the public docket.

Respectfully submitted,
*/s/ Adam Gershenson*

Granted. Lonza is directed to state, by November 9, 2026, whether it seeks to maintain under seal any aforementioned exhibits or quoted passages, Dkt. 224, and, if so, explain the basis for such.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 2, 2026
New York, New York