Brownstein

**Brownstein Hyatt Farber Schreck, LLP**
(212) 576-1211 main
75 Rockefeller Plaza, Suite 2600B
New York, New York 10019

Paul B. Keller
212.576.1213 direct
pkeller@bhfs.com

November 4, 2026

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** ***Lonza Greenwood LLC v. Natals, Inc. d/b/a Ritual*, Case No. 25-CV-06319 (PAE) Motion to Seal Lonza's Opposition to Ritual's Letter Motion for Discovery and Reimbursement of Costs (Dkt. 225)**

Dear Judge Engelmayer:

Pursuant to Individual Rule 4.B of Your Honor's Individual Rules & Practices in Civil Cases ("Individual Rule(s)"), this Court's Standing Order (19-mc-00583-CM), and this Court's ECF Rules & Instructions § 6, Plaintiff Lonza Greenwood LLC ("Plaintiff" or "Lonza") respectfully moves for leave to file under seal (1) narrowly tailored redactions to its Opposition to Defendant Natals, Inc. d/b/a Ritual's ("Ritual") Letter Motion for Discovery and Reimbursement of Costs (Dkt. 225) (the "Opposition"), and (2) Exhibits A (LONZA0340881) and B (LONZA0340889) to the Opposition in their entirety.

Exhibits A and B are native-format internal Lonza financial and manufacturing reports that Lonza produced in discovery and designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Both are customer-specific records of Lonza's manufacture and sale of a product for a single non-party customer and include pricing, margins, and cost structure information. Public disclosure of such information would cause Lonza unnecessary competitive harm. By contrast, the public interest in the underlying figures is minimal. Because the exhibits consist entirely of confidential data, redaction is not practicable, and sealing them in full is the narrowest means of protecting these interests.

Lonza's proposed redactions to the Opposition are limited to discrete passages that quote or characterize Exhibit E to Ritual's letter motion, which Ritual filed under seal (Dkt. 225-5). Those passages describe non-public email communications concerning a customer's purchase orders and forecasts and are commercially sensitive for the same reasons. The redactions are no broader than necessary. The balance of the Opposition, including all of Lonza's legal argument, remains on the public docket. Because each proposed redaction and sealed exhibit is confined to confidential commercial information, and the presumption of access attaching to a discovery letter motion is modest, the countervailing interests outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (holding that a court deciding whether to seal must determine (1) whether the material is a judicial document, (2) the weight of the presumption of access attaching to it, and (3) whether countervailing interests, such as the privacy interests of the party resisting disclosure, outweigh that presumption).

Pursuant to Individual Rule 4.B.3, Lonza has (1) publicly filed via ECF a redacted version of the Opposition, with placeholder sheets in lieu of Exhibits A and B, and (2) filed under seal via ECF an unredacted version of the Opposition, together with Exhibits A and B.

Accordingly, Lonza respectfully requests that the Court grant leave to file the redacted portions of the Opposition, and Exhibits A and B in their entirety, under seal.

Respectfully submitted,

*/s/ Paul B. Keller*
Paul B. Keller
Brownstein Hyatt Farber Schreck, LLP
75 Rockefeller Plaza, Suite 2600B
New York, NY 10019
(212) 576-1213
pkeller@bhfs.com

*Counsel for Plaintiff Lonza Greenwood LLC*

Granted.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: November 5, 2026
New York, New York